THOMAS L. RAUGHLEY V. DELAWARE COACH COMPANY, a corporation of the State of Delaware; THE BALTIMORE AND OHIO RAILROAD COMPANY, a corporation of the State of Maryland; and FREDERICK MOORE.

(*September* 5, 1952.)

CAREY, J., sitting.

*John M. Bader* for plaintiff.

*William Prickett* for defendant, The Baltimore and Ohio Railroad Company.

Superior Court for New Castle County, No. 319, Civil Action, 1951.

CAREY, J.:

The present dispute involves the Uniform Contribution among Tortfeasors Act, adopted in Delaware in 1949 as Chapter 151 Volume 47, *Laws of Delaware* 259. This act changed the common law by creating a right of contribution among joint tortfeasors. *DiStefano v. Lamborn,* 7 *Terry* 195, 81 *A.* 2d 675. Sections 4 and 5 deal with the subject of releases in the following words:

"Section 4. Release; Effect on Injured Person's Claim:

—A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasor unless the release so provides; but reduces the claim against the other tortfeasors in the amount * * * or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

"Section 5. Release; Effect On Right Of Contribution:

—A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another joint tortfeasor unless the release is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued, and provides for a reduction, to the extent of the pro rata share of the released tortfeasor, of the injured person's damages recoverable against all the other tortfeasors."

The defendant's first contention is this: a cause of action in tort is indivisible at common law, citing *Ierardi v. Farmers Trust Co.,* 4 *W. W. Harr.* 246, 151 *A.* 822; it was impossible at common law to release a tortfeasor from part of a cause of action because this would have amounted to splitting the cause of action, citing *Smith v. Red Top Taxi Corp.,* 111 *N. J. L.* 439, 168 *A.* 796; the Uniform Act does not change the common law in this respect; paragraph 5 of the Code instrument releases B. & O. from all claims, but attempts to limit it to the pro rata share attributable to Delaware Coach or Moore; the attempted limita-

tion is void, since the cause of action is indivisible; paragraph 5 therefore releases B. & O. entirely.

Defendant's second contention is that paragraph 6 of the instrument is an acknowledgment of full payment and satisfaction of plaintiff's damages, and since he cannot be paid twice for the same claim, he has no right to proceed further against B. & O. even though B. & O. paid nothing upon the settlement.

Certain other contentions of defendant, also based upon arguments of indivisibility of cause of action and acknowledgment of full satisfaction, need not be specifically mentioned; it is believed that they are fully answered by what is said herein.

In reply, plaintiff argues that the Uniform Act permits divisibility to a limited degree by providing for a release of one tortfeasor without entirely discharging another. He denies that the release, when read as a whole, discharges B. & O. beyond the extent mentioned therein or that it acknowledges full satisfaction of his damages.

In *Balick v. Philadelphia Dairy Co.*, 5 *W. W. Harr.* 269, 162 *A.* 776, an instrument construed to be a covenant not to sue rather than a release, was held not to discharge a defendant not named therein. It was conceded that a release would have had that effect. The instrument was admitted into evidence, however, for it served to reduce the amount of damages recoverable from the remaining defendant. Under the express language of Section 4 of the Uniform Act, a similar result may now be accomplished through the use of a release. Its effect upon the injured person's claim against the remaining defendant is to reduce it in an amount at least as great as the consideration paid for the release, and even greater than that figure if it so provides. In this manner, it bars the plaintiff from obtaining a double recovery. Section 5, however, protects and preserves the right of that remaining defendant to collect contribution from the one released, unless the release provides for a reduction, to the extent mentioned in the Section, of the damages recoverable from the one remaining. Obviously, the reason for this Section

is to prevent the injured person, acting in collusion with or out of sympathy for one defendant, from defeating the basic purpose of the statute, viz: to permit the equitable enforcement of contribution by one who has paid more than his share of the common tort liability. 9 *Uniform Laws Annotated* 163.

The instrument now before the Court, must, of course, be read as a whole and the intent of the parties gathered from the entire agreement and not from detached portions. 17 *C. J. S., Contracts,* § 297, p. 707. Viewed in this light, it seems clear that its purpose and intent is to accomplish the very objects permitted by the statute and at the same time to stay within the restrictions imposed by the statute. Paragraph 5, when read in the light of the rest of the agreement, was obviously intended to reduce the amount recoverable from B. & O. to the extent of the pro rata share of Delaware Coach and Moore, in order to eliminate any possibility that the latter two might ultimately be forced to pay a further sum to B. &. O. This is exactly what is contemplated by Section 5 of the Act. Under this interpretation of the agreement, the question, argued at some length, as to whether the statute now permits a division of a cause of action for some purposes becomes purely academic in this case.

By the same token, the agreement as a whole negatives the idea that the amount paid to plaintiff constitutes full settlement and satisfaction of his damages. Standing alone, paragraph 6 might well be so interpreted but that paragraph must be read in the light of all other parts of the instrument.

For these reasons, it is my conclusion that the release neither completely discharges B. & O. (except in the eventuality hereafter mentioned) nor acknowledges full satisfaction of the damages. Defendant's motion for summary judgment must be denied. This conclusion has been reached from a reading of the agreement itself without reference to plaintiff's affidavits.

Plaintiff concedes, as he must, B. & O.'s right to plead the release as a partial defense in connection with the issue of damages. He maintains that the defenses, as pleaded, erroneously

purport to aver a complete defense and that they should accordingly be striken with leave to amend so as to set forth a partial defense. This contention overlooks an important argument which is open to B. & O. It may urge, and the jury may find, that the plaintiff's damages do not exceed $20,000. Should the jury so find, no verdict could be entered against B. & O. The release, therefore, *may* constitute a complete defense, and defendant has the right to plead it as such. For this reason, plaintiff's motions must be denied.