DELLA M. BROWN and MARY E. HAYES, Plaintiffs, v. GEORGE W. EAKIN, Defendant and Third-Party Plaintiff, v. CLARENCE W. BURRIS, Third-Party Defendant.

(*December* 3, 1957.)

CHRISTIE, J., sitting.

*Louis Goldstein* and *Nathan P. Michlin* for plaintiffs.

*Blaine T. Phillips* (of Berl, Potter and Anderson) for third-party plaintiff.

*Louis J. Finger* and *Max S. Bell, Jr.* (of Richards, Layton and Finger) and *Joseph Kwiatkowski* for third-party defendant.

Superior Court for New Castle County, No. 664, Civil Action, 1956.

CHRISTIE, J.:

Plaintiffs, Della M. Brown and Mary E. Hayes, brought an action against the defendant, George W. Eakin, for personal injuries. Plaintiffs were passengers in an automobile which had been involved in a collision with an automobile driven by defendant. The defendant in turn has filed a third-party complaint against Clarence Burris (third-party defendant), the driver of the automobile in which plaintiffs were riding. The third-party complaint seeks contribution because of the alleged recklessness and wantonness of Burris.

Prior to the institution of this suit and in connection with the same accident, Eakin (third-party plaintiff) had made a claim against Burris (third-party defendant) and had received a payment in settlement of the claim. At the time of that settlement, Eakin executed the following release:

"Release in Full

"Know all Men by these Presents, That I George W. Eakin for the sole consideration of Seven hundred twenty-seven and 39/100 Dollars, to me                  in hand paid by Frank W. Diver, Inc. have released and discharged, and by these presents do for myself                  , my                  heirs, executors, administrators and assigns, release and forever discharge the

said Frank W. Diver, Inc. and Clarence Burris and all other persons, firms or corporations from all claims, demands, damages, actions, or causes of action, on account of damage to property, bodily injuries or death, resulting, or to result, from an accident to myself and my 1953 Kaiser which occurred on or about the 16th day of July, 1955, by reason of being struck by a 1954 chevrolet operated by Clarence Burris and owned by Frank W. Diver, Inc. and of and for all claims or demands whatsoever in law or in equity, which I _____ , my _____ heirs, executors, administrators, or assigns can, shall or may have by reason of any matter, cause or thing whatsoever prior to the date hereof.

"It is Understood and Agreed that this is a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, suspected and unsuspected.

"In Witness Whereof, I _____ have hereunto set my _____ hand _____ and seal _____ this 18th day of Sept., 1955.

"In The Presence Of
"Harold W. Pleasanton          George W. Eakin    (Seal)
_____      _____ Street
_____      _____ Town - State
_____      _____ (Seal)
_____      _____ Street
_____      _____ Town - State"

Third-party defendant moves for summary judgment on the ground that the release is effective as to the claim third-party plaintiff now seeks to assert against him.

The Court must decide whether one who has executed a general release after receiving payment for his own damages is

precluded from the bringing of a third-party action for contribution under the Uniform Contribution Among Joint Tortfeasors Law, 10 *Delaware Code* §§ 6301-6308, against a joint tort-feasor to whom he had addressed the general release.

Eakin (third-party plaintiff) cites a number of cases where the scope of general releases have been limited for one reason or another and maintains that a general release applies only to such claims or causes of action which the releasor in his own right could have brought at the time of the release and does not bar an action for contribution from a joint tort-feasor.

Eakin further maintains that the right he here attempts to assert is a "derivative action". *Ackerson v. Kibler*, 1931, 232 *App. Div.* 306, 249 *N. Y. S.* 629; *Baltimore Transit Co. v. State*, 1944, 183 *Md.* 674, 39 *A.* 2d 858, 156 *A. L. R.* 460; *Oahu Ry. & Land Co. v. United States, D. C.* 1947, 73 *F. Supp.* 707. As such it is claimed the action was not barred by the release. *Leitner v. Hawkins*, 1949, 311 *Ky.* 300, 304, 223 *S. W.* 2d 988.

It is contended by Burris that the broad language used in the release is effective as a general release and bars any contribution among joint tort-feasors for which he might otherwise be liable even if the releasing parties did not have in mind the possibility of a suit for contribution. *Hob Tea Room, Inc., v. Miller*, 1952, 33 *Del. Ch.* 38, 48, 89 *A.* 2d 851, 856. Burris further contends that in any case, the specific language of this release bars to the claim here asserted.

Burris cites Delaware authorities tending to show that the right contribution is that of the party asserting it and not a derivative action. *Ingerman v. Bonder, Superior Ct.* 1950, 7 *Terry* 99, 77 *A.* 2d 591; *Goldsberry v. Frank Clendaniel, Inc., Superior Ct.* 1954, 10 *Terry* 69, 109 *A.* 2d 405.

Burris also cites *Killian v. Catanese*, 1954, 375 *Pa.* 593, 101 *A.* 2d 379, critized in 27 *Temple Law Quarterly* 515 (1954), and *Davis v. Miller*, 1956, 385 *Pa.* 348, 123 *A.* 2d 422. These cases were decided under the Uniform Act and are almost exactly on point as to the effect of a release under that Act.

The general release here in question was entitled "Release in Full" and provides that it is "a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, suspected and unsuspected." The release also releases Burris "from all claims * * or causes of action * * * resulting * * from an accident", etc.

▄▄▄ I am of the opinion that under Delaware law the release executed in this case bars the bringing of any action by the signer of that release against the person released as to any claims which may arise on account of the accident referred to in the release. Such rule applies not only to claims for direct damages which the releasor may have suffered but also to claims for contribution which had not ripened at the time the release was signed. An action for contribution may have some of the characteristics of a derivative action in that it is dependent upon the existence of primary liability. *Lutz v. Boltz, Superior Ct.* 1953, 9 *Terry* 197, 100 *A.* 2d 647. The cases cited by Eakin stress this aspect of the statute when derivative actions are spoken of. Certainly contribution cases are not derivative in the sense that the one seeking contribution has no control over or interest in the right to contribution. The right to contribution remains a separate right of the person asserting it no matter how dependent it may be on other liability. *Goldsberry v. Clendaniel, supra.* Such right may be released. The release in no way indemnifies the person released from any liability he might have to some third person not a party to the release. Such third person may, if he sees fit, sue all or any one of the joint tort-feasors.

There is nothing about the right to contribution which would make it immune from waiver by appropriate instrument. The instrument here employed was appropriate. *Hob Tea Room, Inc. v. Miller; Killian v. Catanese; Davis v. Miller, supra.* The only case directly on point which would seem to reach an opposite conclusion is *Leitner v. Hawkins, supra.* That case was not decided under the Uniform Act and this Court declines to follow it.

The Uniform Act assures joint tort-feasors of a right to contribution but it does not protect them against their own waiver of such rights. Such waiver has taken place in the release quoted above. Summary judgment is granted in favor of third-party defendant.