Donna RIGSBY, Mary Rigsby, Michael Rigsby and Grace Turner, Plaintiffs,

v.

John H. TYRE, III, Defendant.

Superior Court of Delaware, New Castle.

Submitted Nov. 10, 1977.

Decided Nov. 18, 1977.

Robert G. Carey of Prickett, Ward, Burt & Sanders, Wilmington, and Morton Richard Kimmel of Kimmel & Spiller, Wilmington, for plaintiffs.

Frank J. Miller, Wilmington, for defendant.

CHRISTIE, Judge.

This matter is before the Court on a motion for summary judgment by the plaintiff, Mrs. Donna Rigsby, as to the counterclaim filed by the defendant, Mr. John Tyre.

In a motion for a summary judgment, the facts will be construed in the light most favorable to the non-moving party.

At the time of the accident the plaintiff, Mrs. Rigsby, was driving an automobile in which her minor children, Mary (age 5) and Michael (age 3) and her mother, Mrs. Grace Turner, were passengers. While proceeding on State Route 300, near Smyrna, Mrs. Rigsby encountered a severe dust storm which caused her to slow down or stop on the travelled portion of the roadway. It appears that the defendant, Mr. Tyre, who was driving in the same direction on the highway came along shortly thereafter. When he encountered the dust storm, he removed his foot from the accelerator. As a result, his car coasted forward along the highway at an estimated speed of twenty-five to thirty miles per hour. Defendant says that about eight to ten feet before striking the rear of the plaintiff's automobile, he saw the taillights of the Rigsby automobile but he was unable to stop before hitting the car. A rear end collision occurred and injuries resulted. This suit is brought on behalf of Mrs. Rigsby and all of the passengers in her car.

Plaintiffs allege that negligence on the part of the defendant caused the accident. Defendant has filed a counterclaim against plaintiff Mrs. Rigsby alleging that the injuries to the minor plaintiff Mary Rigsby were proximately caused by negligence on the part of Mrs. Rigsby. Defendant claims that if he is liable to minor plaintiff Mary Rigsby, then he is entitled to contribution from Mrs. Rigsby because, in his view, she is jointly or severally liable with him for such injury.

 Donna Rigsby has moved for summary judgment on the ground that the Delaware guest statute, 21 *Del.C.* § 6101, bars the counterclaim as a matter of law.

The Delaware guest statute states in pertinent part:

(a) No person transported by the owner or operator of a motor vehicle . . . as a guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his willful or wanton disregard of the rights of others. 21 *Del.C.* § 6101

Under this statute, mere negligence is eliminated as a basis of liability where the suit is brought against a host automobile operator by or on behalf of a guest passenger. The guest statute bars recovery against the operator by a passenger guest unless the accident was intentional on the part of the operator or was caused by the operator's willful or wanton disregard of the rights of others. See *Lutz v. Boltz*, Del.Super., 9 Terry 197, 100 A.2d 647 (1953); *Wilson v. Tweed*, Del.Super., 209 A.2d 899 (1965). Negligence is characterized as carelessness, thoughtlessness, inattention or inadvertence, whereas willful or wanton conduct under the statute as interpreted is evidenced by a display of conscious indifference to circumstances in a situation where the probability of injury to others is reasonably apparent. *Costello v. Cording*, Del.Super., 8 Terry 322, 91 A.2d 182 (1952); *Gerhauser v. Deemer*, Del.Super., 10 Terry 328, 116 A.2d 175 (1955).

In the counterclaim, the defendant has alleged mere *negligence* on the part of the plaintiff Mrs. Rigsby as a cause of the injuries. His counterclaim does not raise the issue of whether Mrs. Rigsby's conduct was willful or wanton. The law under such circumstances was clearly set forth by Judge (later Justice) Carey:

Title 21 *Del.C.* § 6101 bars recovery by a nonpaying guest from the operator of a vehicle, unless the accident was intentional on the part of the operator, or was caused by his willful or wanton disregard of the rights of others. In the proposed counterclaim, there is no charge of any such intentional, willful or wanton conduct; it is clear, therefore, that the other three plaintiffs would have no cause of action against Martin Lutz for their injuries . . . *Lutz v. Boltz, supra,* 100 A.2d at 647.

Mrs. Rigsby has filed an affidavit in which she states that her minor children and her mother were non-paying passengers at the time of the accident. By the terms of the statute and the cases decided thereunder, Mrs. Rigsby cannot be held liable to her passengers (who are guests) absent an allegation of and proof of intentional or willful and wanton conduct on her part.

Since Mrs. Rigsby could not be sued directly by her passengers for mere negligence, she cannot be sued indirectly on account of that negligence. In order for a tortfeasor to be entitled to contribution from another tortfeasor whose negligence has concurred in producing an injury to a third person, such third person must have an enforceable cause of action not only against the tortfeasor seeking contribution but also against the one against whom contribution is sought. *Strahorn v. Sears, Roebuck & Co.,* Del.Super., 11 Terry 50, 123 A.2d 107 (1956); *Miller v. Ellis,* Del.Super., 11 Terry 11, 122 A.2d 314 (1956). "Without exception . . . courts . . . have all held that a host may invoke the state guest statute when sued for contribution and that such a host is liable for contribution only if he is sufficiently negligent to be directly liable to the guest under the guest statute." *Troutman v. Modlin,* 353 F.2d 382, 386 (8th Cir. 1965), citing *Lutz v. Boltz, supra.*

There is no charge that Mrs. Rigsby is guilty of anything more than negligence.

It is clear that under the guest statute she is not liable to her guest passengers for that negligence. The defendant cannot rely on 10 *Del.C.* § 6302, which gives a right of contribution among joint tortfeasors, to do indirectly what cannot be done directly. " . . . (I)t is clear from the very language of the statute itself (§ 6302) that it has no application unless there is a 'common liability' to the injured person. This liability may be joint or several, but there is no right to contribution unless the injured person has a possible remedy against two or more persons." *Lutz v. Boltz, supra,* 100 A.2d at 648.

The defendant, however, contends that the guest statute should find no application here because under defendant's theory a very young minor cannot be a guest in an automobile owned and operated by his own parent. It is contended that a very young minor is incapable of knowingly consenting to be a guest and, therefore, he cannot be regarded as a guest within the meaning of 21 *Del.C.* § 6101. Under this theory the parent-child relationship would place a young child outside the operation of the guest statute when riding with a parent. The Court finds this novel argument to be without merit.

It has been held in Delaware that a minor may be a guest in another's car when the parent consents. *Lynott v. Sells,* Del. Super., 2 Storey 385, 158 A.2d 583 (1958); *Justice v. Gatchell,* Del.Super., 325 A.2d 97 (1974). It should also be noted that the *Lynott* case cited the case of *Tilghman v. Rightor,* 211 Ark. 229, 199 S.W.2d 943, 945 (1947), where the Court said, "(i)t will be observed that in defining a guest the statute makes no exception in favor of minors and we have no authority to write that exception into the statute."

In *Justice v. Gatchell, supra,* the argument was made that a guest is one who is offered and accepts a free invitation from a host and that a child of tender years was incapable of knowingly giving the neces-

sary consent. The answer was that the parent could consent for the child, and where there is an express consent by a parent, the minor is subject to the provisions of the guest statute. This Court does not see any meaningful distinction between a parent consenting to have her minor child ride with a third person and a parent consenting to have her minor child ride in the parent's own car.

The defendant has also cited the case of *Williams v. Williams*, Del.Super., 360 A.2d 669 (1976), wherein the doctrine of parental tort immunity was abolished in Delaware. In the *Williams* case the Supreme Court noted that parental immunity was a judicial doctrine and thus the Court felt that it had the power to modify the doctrine. *Justice v. Gatchell, supra,* was referred to and reaffirmed in the *Williams* decision. "The decision in *Justice* was grounded upon the doctrine of separation of powers and this Court's reluctance to set aside a public policy announced by the Legislature." *Williams v. Williams, supra,* 369 A.2d at 673.

The facts of this case clearly indicate that the guest statute has application. While *Williams v. Williams* allows a cause of action to be brought on behalf of an unemancipated minor against his parent, it does not free such cause of action from the limitations imposed by statutes governing causes of action in general. Thus, where a minor on whose behalf the suit is brought happens to be a guest, the guest statute applies, and the minor is treated as an ordinary guest. Under such circumstances, the statute bars his suit absent the allegation and proof of intentional or willful or wanton conduct by the host. Since the minor guest on whose behalf the suit is brought has no cause of action against the host driver, the third party cannot seek contribution from such host driver and do indirectly what cannot be done directly.

Summary judgment is granted for the plaintiff Mrs. Rigsby as to the counterclaim by the defendant Mr. Tyre. IT IS SO ORDERED.