402 A.2d 1187.

VINCENT J. AUGUSTINE, *et al. vs.* SIMONE B. LANGLAIS, *et al.*

JULY 3, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS, J.   The plaintiffs, Vincent and Harriet Augustine, were injured as a result of a multi-vehicle collision that occurred on August 17, 1974, in Providence. The defendants in the ensuing negligence action were the drivers and owners of two of the other automobiles involved in the accident. For convenience we shall hereinafter refer to the defendants as Langlais and Otero. Prior to trial the plaintiffs and Otero executed a release[1] pursuant to G.L. 1956 (1969 Reenactment) §§10-6-1 to 11, for a sum of $42,000 and the complaint against Otero was dismissed with prejudice. Otero remained

---

[1] The release stated in pertinent part:

"FURTHER, in consideration of the aforementioned sum, we, Vincent J. Augustine and Harriet Augustine, reduce any and all damages which we may recover against any person, firm or corporation adjuged to be a tortfeasor with respect to the aforementioned accident, by and to the extent of the pro-rata share of the common liability for such damages chargeable to the Star of Jacob, Inc. and Angelo R. Otero, no right of contribution has yet accrued to any other Joint Tortfeasor."

in the case, however, because of a cross-claim filed by the nonsettling joint tortfeasor Langlais. The case proceeded to trial in the Superior Court and the jury, in response to special interrogatories, found Otero 85 percent negligent, Langlais 15 percent negligent, and the plaintiffs totally free of negligence. The jury awarded the plaintiffs $33,513 in damages. Accrued interest was $9,458.24. The trial justice entered judgment for the plaintiffs in the aforementioned amounts but reduced by the $42,000 the plaintiffs had previously received in settlement. The plaintiffs appeal from this judgment contending that Langlais should be liable for 15 percent of the jury verdict and interest without any credit for the prior settlement.

General Laws 1956 (1969 Reenactment) §10-6-7 provides that:

> "A release by the injured person of one (1) joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides; *but reduces the claim against the other tortfeasors in the amount of of the consideration paid for the release,* or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid." (Emphasis added.)

It is well-settled that when a statute is free of ambiguity there is no room for statutory construction and the words will be given their plain and obvious meaning. *E.g., Gomes v. Rhode Island State Board of Elections,* 120, R.I. 951, 956, 393 A.2d 1088, 1090 (1978); *Andreozzi* v. *D'Antuono,* 113 R.I. 155, 158, 319 A.2d 16, 18 (1974); *Reardon* v. *Hall,* 104 R.I. 591, 595, 247 A.2d 900, 902 (1968); *Kastal* v. *Hickory House, Inc.,* 95 R.I. 366, 369, 187 A.2d 262, 264 (1963). Section 10-6-7 is such a statute and must be literally applied.

Section 10-6-7 is a verbatim enactment of section four of the Uniform Contribution Among Tortfeasors Act of 1939 which has been adopted by several other states. The cases that have considered statutes identical to §10-6-7 universally

hold that amounts paid by settling defendants must be credited to the verdict amount returned against nonsettling joint tortfeasors. *E.g., Woodard* v. *Holliday,* 235 Ark. 744, 750, 361 S.W.2d 744, 748 (1962); *Raughley* v. *Delaware Coach Co.,* 47 Del. 343, 348, 91 A.2d 245, 247 (1952); *Maryland Lumber Co.* v. *White,* 205 Md. 180, 199-200, 107 A.2d 73, 80-81 (1954); *Daugherty* v. *Hershberger,* 386 Pa. 367, 372-73, 126 A.2d 730, 733-34 (1956); *Degen* v. *Baymen,* 90 S.D. 400, 409, 241 N.W.2d 703, 707 (1976); *see* Dooley, *Modern Tort Law* §26.29 at 573 (1977); Prosser, *Handbook of the Law of Torts* §49 at 304-05 (4th ed. 1971). We perceive no reason to adopt a different view. These decisions are predicated upon the fundamental doctrine that an injured person is entitled to only one satisfaction of the tort, even though two or more parties contributed to the loss. *See, e.g., Maryland Lumber Co.* v. *White,* 205 Md. at 199, 107 A.2d at 80; Prosser, §48 at 299-300. This principle was not altered by the enactment of §10-6-7 which proscribes double recovery by unequivocally mandating that a release "reduces the claim against the other tortfeasors in the amount of the consideration paid for the release."

The plaintiffs rely upon the language in the release concerning a pro rata reduction of their damages by the amount chargeable to Otero. *See* note 1 *supra.* The plaintiffs fail, however, to read §10-6-7 in its totality. The statute clearly directs that the damage award must be reduced by either the amount of consideration paid for the release, or the proportion of reduction provided by the release, *whichever is greater. See Daugherty* v. *Herschberger,* 386 Pa. at 373, 126 A.2d at 733. In this case the consideration paid for the release exceeded the proportional reduction and was therefore the appropriate amount to be credited against the jury verdict.

The plaintiffs also argue that the trial justice committed reversible error because he relied upon a proposed 1976 amendment to §10-6-7 that was never enacted by the Legislature. This amendment would have had two effects. First, it would have eliminated the last clause of §10-6-7 ("or in any amount * * * consideration paid"). As we have

already indicated that clause is irrelevant to the instant case. Second, it would have mandated that the release not be admitted into evidence before the jury. The plaintiffs do not argue that this portion of the proposed amendment affected the trial justice's decision. Accordingly, the trial justice's mistaken reliance upon the never-enacted amendment did not affect his decision. Furthermore, we have frequently stated that we will accept a lower court decision that is correct even though it is based upon erroneous reasoning. *E.g., Souza* v. *O'Hara*, 121 R.I. 88, 90, 395 A.2d 1060, 1061 (1978); *DiRaimo* v. *DiRaimo*, 117 R.I. 703, 708, 370 A.2d 1284, 1287 (1977).

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*John Quattrochi, Jr.,* for plaintiffs.

*Edward E. Dillon, Jr., Hugh L. Moore, Jr., John T. Madden,* for defendants.