**Brenda CHAKOV, Plaintiff Below, Appellant,**

v.

**OUTBOARD MARINE CORPORATION, a Delaware Corporation, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted April 21, 1981.

Decided April 30, 1981.

Joseph M. Bernstein (argued), Wilmington, for plaintiff-appellant.

Colin M. Shalk (argued), and F. Alton Tybout of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendant-appellee.

Before the Court *en Banc*: HERRMANN, C. J., and DUFFY, McNEILLY, QUILLEN and HORSEY, JJ.*

* Rehearing *en Banc* was granted pursuant to the provisions of Supreme Court Rule 4(f). The decision of the three Justice panel dated February 23, 1981 is superseded by this opinion.

QUILLEN, Justice (for the majority):

The plaintiff, Brenda Chakov (hereafter Chakov), was injured in a boating accident. She had potential claims against the owner-operator, Alfred Marshall (hereafter Marshall), and the manufacturer of the outboard engine, the defendant Outboard Marine Corporation (hereafter Outboard Marine). Chakov, represented by counsel, settled her claim against Marshall and signed a release supplied by Marshall's insurer, State Farm Fire and Casualty Company (hereafter State Farm). Chakov then sued Outboard Marine. The Superior Court granted summary judgment for Outboard Marine on the ground that the release given Marshall was a general release which contained language that covered third parties, including Outboard Marine, and was clear on its face. The Court held parole evidence not admissible to vary the terms of the release.

We affirm but not for the same reason. Even if we assume the release is sufficiently ambiguous to justify the admission of extrinsic evidence as an aid in its construction, in light of the whole record, including such extrinsic evidence, we find that there is not a genuine issue of fact and the defendant Outboard Marine is entitled to summary judgment.

The pertinent language of the release reads as follows:

"For the Sole Consideration of two thousand five hundred (2500.00) dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Alfred H. Marshall, his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident

which occurred on or about the twenty-first day of August, 1977 at or near Chesapeake and Delaware Canal."

■ There can be no doubt, in other factual contexts, our courts have recognized the validity of general releases. *Hob Tea Room, Inc. v. Miller*, Del.Supr., 89 A.2d 851, 856 (1952); *Brown v. Eakin*, Del.Super., 137 A.2d 385 (1957). Moreover, we see no legal reason why an injured party cannot give a general release, including a release of third parties strangers to the contract, under circumstances shown here. Indeed we do not understand that the plaintiff contests the legal availability of a third party release as part of a general release.

Rather, the plaintiff claims there is a factual issue of intent, permitting and requiring extrinsic evidence, as to the coverage of a release where a third party, not specifically named, such as Outboard Marine in this case, asserts rights under general language. *Clark v. Brooks*, Del.Super., 377 A.2d 365 (1977), aff'd sub nom. *Blackshear v. Clark*, Del.Supr., 391 A.2d 747 (1978). The defendant in its brief disputes plaintiff's reliance on the *Clark* case arguing the parties there, based on the language of the release alone, were only "attempting to accomplish a pro rata reduction of any further recovery by plaintiff against other tort-feasors and that the release did not effect a total release of tort-feasors not specifically named." See *Clark*, 377 A.2d at 373; 10 *Del.C.* § 6304.

■ Since we assume ambiguity in the release in the case before us, we find it unnecessary to analyze decisively the parole evidence issue posed by the parties. As the Court below noted, our Courts proceed by looking to the language of the release. See e. g., *Clark*, 377 A.2d at 372–73; *Raughley v. Del. Coach Co.*, Del.Super., 91 A.2d 245, 248 (1952). We note, however, potential for confusion in general releases referring to "other persons, firms or corporations". Such releases might, in given circumstances, reasonably be read as referring only to third party entities related to the contracting party obtaining the release. This is especially true when the release purports to

speak for such third parties by denying any liability to the claimant.

■ The language of the release used in this case does literally release Outboard Marine. If that fact might not be clear to one unfamiliar with legal documents, it should have been clear to counsel. Moreover, the parties were directed by the Court below to focus on the intention of the plaintiff and State Farm in the execution of the release and the parties agreed at oral argument here that the record on the question of intention is complete. That record shows that State Farm had originally offered to pay Chakov's medical expenses and wages lost "in return for a joint tort feasor's release". In response, plaintiff demanded $5,000 in addition to medical expenses and wages lost "for pain and suffering, psychic trauma, and disfigurement resulting from the indentation scar". Thereafter, a telephone conversation ensued between plaintiff's counsel and State Farm where agreement was reached giving rise to the release in issue. The confirming letter from State Farm included the following key language:

> "Please find enclosed with this letter a draft in the amount of $2,500.00 accompanied with a release for full and final settlement of this matter."

Considering the literal language of the release and the course of negotiations between the parties, we find a clear manifested intention that the release in question be a general release covering third parties as well as Marshall. And, given the progression from "a joint tort feasor's release" to "full and final settlement" in light of all the damage, we find a clear manifested intention that the release cover Outboard Marine in particular. There is no genuine issue of fact. Superior Court Civil Rule 56(c). Subjective intention not manifested to State Farm does not change the result. *"Industrial America", Inc. v. Fulton Industries, Inc.*, Del.Supr., 285 A.2d 412, 415 (1971).

The judgment of the Superior Court is affirmed.[1]

---

1. This decision makes it unnecessary to consider the impact, if any, of the pendency of Outboard Marine's contribution claim against

**DUFFY, Justice, dissenting:**

Defendant is asking that a summary judgment be entered against plaintiff and, therefore, under settled Delaware law, plaintiff is entitled to the benefit of all reasonable factual inferences from the record. Given such inferences, there is, in my view, a genuine issue of material fact concerning plaintiff's intention at the time the release was delivered to State Farm Fire and Casualty Company. Outboard Marine Corporation, the defendant in this case, was not a party to that release nor to any of the negotiations which preceded it.

Plaintiff's affidavit and the affidavit filed by her attorney imply (if they do not directly state) that plaintiff did not intend to include Outboard Marine in the release she gave to State Farm. Indeed, on the same day that plaintiff's attorney delivered the release to State Farm, he sent to Outboard Marine a comprehensive letter outlining plaintiff's claim against it based on strict liability in tort. As far as Outboard Marine is concerned, that was surely not just a "subjective intention" on plaintiff's part. On the contrary, Outboard Marine was put on notice of the claim asserted against it by plaintiff, independent of the release. And State Farm, to whom the release was given, is not complaining that plaintiff had failed to manifest to State Farm that she preserved her claim against Outboard Marine. In short, it seems to me that Outboard Marine has not met its burden to show that on unquestioned facts plaintiff and State Farm were agreed that the release also ran to Outboard Marine.

On this state of affairs, a material question of fact is present and, in any event, "it seems desirable to inquire thoroughly into [all the facts] in order to clarify the application of the law to the circumstances." *Ebersole v. Lowengrub*, Del.Supr., 180 A.2d 467, 470 (1962). I would therefore reverse the judgment of the Superior Court and remand the case for trial.

Respectfully, I dissent.

---

Marshall. Compare *Rigsby v. Tyre*, Del.Super., 380 A.2d 1371 (1977), aff'd by order, 405 A.2d 133 (1979).