Arlys (Leisinger) SHANTZ, as trustee for
the heirs of Albert T. Nelson,
Decedent, Appellant,

v.

RICHVIEW, INC., etc., Defendant and
Third-Party Plaintiff, Respondent,

v.

Richard D. VICKERMAN, as Executor of
the Estate of Delbert Vickerman,
Third-Party Defendant.

No. 50441.

Supreme Court of Minnesota.

April 25, 1980.

Order Filed Sept. 9, 1981.

Walter E. Riordan and Nicholas Sherwood, Minneapolis, for appellant.

Jardine, Logan & O'Brien, St. Paul, for Richview, Inc.

Thomsen, Nybeck, Herbst & Johnson, Edina, for Richard D. Vickerman.

YETKA, Justice.

This is a wrongful death action brought against defendant nursing home for negligent supervision of third-party defendant patient, who allegedly had a history of physical abuse of other patients. Before trial, plaintiff and third-party defendant settled for $9,000, with plaintiff executing a so-called Pierringer release. The subsequent trial was conducted in accordance with our opinion in *Frey v. Snelgrove*, 269 N.W.2d 918 (Minn.1978); the jury was informed of the settlement but not of the amount paid and the jury was required to decide the negligence of both defendant and the dismissed third-party defendant, the comparative percentage of negligence, and the total damages sustained by plaintiff. The jury found that defendant had been negligent but that its negligence was not the cause of the death, that the dis-

missed third-party defendant had not been negligent, and that the total damages were $12,000. The trial court then ruled that defendant's negligence was a cause of plaintiff's death as a matter of law but ordered that the $9,000 paid by the settling but nonnegligent third-party defendant be subtracted from the $12,000 award defendant was required to pay. Plaintiff appeals from the reduction; defendant cross-appeals on the causation issue. The parties have requested that we decide the reduction issue first; apparently if we reverse the reduction, then defendant plans to order a transcript of the trial and pursue its cross-appeal on the causation issue. Reversing the reduction, we hold that when a plaintiff in a wrongful death action uses a Pierringer release to settle with one of two alleged tortfeasors and the jury, after having been properly instructed, later determines that the settling party was not negligent, the nonsettling party is not entitled to have the amount paid by the settling party subtracted from the damages he is required to pay the plaintiff.

As in *Anunti v. Payette*, 268 N.W.2d 52 (Minn.1978), we believe it would be inequitable to allow defendant, the nonsettling party, to profit from a settlement agreement between plaintiff and third-party defendant. The theory behind a Pierringer release is that (a) it allows the plaintiff to settle with one of two alleged tortfeasors in a comparative negligence case such as this without running afoul of the rule that release of one joint tortfeasor releases all joint tortfeasors, and (b) it allows the settling defendant to settle "for his share" without fear that the nonsettling defendant will later have a contribution claim against him since negligence, comparative percentage of negligence, and total damages will still be submitted to the jury at trial and the nonsettling defendant will only be liable for his percentage share, if any, of the total damages determined by the jury. It should be no concern of the nonsettling defendant how much the plaintiff received from the settling defendant—in some cases (like this one, where it was later determined by the jury that the settling defendant was not negligent) plaintiff will have made the better bargain; in others, the settling defendant will have made the better bargain. In either case, all that should concern the nonsettling defendant is that he not be re-

quired to pay more than his percentage share of the total damages which the jury determines the plaintiff sustained.

Reversed in part with causation issue reserved.

[Causation issue resolved by the following order]

### ORDER

Considered and decided by the court en banc without oral argument.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the order dated May 25, 1979 and the judgment entered June 18, 1979 in the Hennepin County District Court, the Honorable Crane Winton, be, and the same are, hereby affirmed pursuant to Rule 136.01(2), Rules of Civil Appellate Procedure.