Stanley CLUM and Barbara
Clum, Plaintiffs,

v.

DAISY CONCRETE, INC., John E. Healy
and Sons, Inc., Cantera–Disabatino, Di-
amond State Telephone Co., and Panel-
trol, Inc., Defendants.

Superior Court of Delaware,
New Castle County.

Submitted: Dec. 15, 1989.
Decided: Dec. 29, 1989.

William J. Cattie, of Heckler & Cattie, Wilmington, for plaintiffs.

Anne L. Naczi, of Tybout, Redfearn & Pell, Wilmington, for defendant Daisy Concrete, Inc.

David E. Brand, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendant John E. Healy and Sons, Inc.

Bruce C. Herron, of Sawyer & Akin, Wilmington, for defendant Cantera–DiSabatino.

John E. James, of Potter, Anderson & Corroon, Wilmington, for defendant Diamond State Telephone Co.

James R. Leonard, of Potter, Spiller, Crosse & Leonard, Wilmington, for defendant Paneltrol, Inc.

## OPINION

BARRON, Judge.

The above-captioned action was tried before the Court sitting with a jury commencing on Tuesday, October 10, 1989 and ending on Wednesday, October 18, 1989. The jury returned a verdict in plaintiffs' favor in the amount of $415,000. Of the five defendants, four had settled with the plaintiffs prior to trial. Only Cantera–DiSabatino defended. This non-settling defendant cross-claimed against the settling defendants for contribution. The jury specifically faulted each of the five defendants in an equal amount of 20%. Thus, judgment was entered against Cantera–DiSabatino in the amount of $83,000.

Plaintiff now makes application to the Court to assess Cantera–DiSabatino with

the full amount of the Court costs which equal $5,718.07. Cantera–DiSabatino has agreed to pay all costs incurred after the commencement of the trial ($2,512.70), but contends that the pretrial costs ($3,205.37) should be the joint responsibility of all five defendants. The trouble with this approach is that the four settling defendants have been released by the plaintiffs "from any and all claims, damages, demands, causes of action or liability ... which they may have ... directly or indirectly related to property damage and/or personal injury ... now existing or which may arise in the future ... including any claims which have been asserted or could have been asserted in [this suit]." [1] Further, the parties to the release explicitly agreed that the settling defendants were not obliged to pay Court costs to the plaintiffs.[2]

■ A Joint Tortfeasor's Release must be read as a whole and the intent of the parties must be gathered from the entire agreement. *Raughley v. Delaware Coach Co.*, Del.Supr., 91 A.2d 245 (1952). It seems clear to the Court that it was the intent of the parties to the release agreement to relieve the settling defendants from any claim which could have been asserted in connection with the case which would include costs of the action.

The spirit of the law favors the settlement of disputes and the promotion of expeditious and orderly dispositions of claims short of trial. Were the Court to impose on the settling defendants the responsibility for a pro-rata share of the costs incurred in connection with the case, a chilling effect would result with regard to future cases, decreasing a litigant's willingness to settle a claim for fear of incurring further expenses after executing a full release. The enhancement of pretrial settlements would be diminished. Moreover, the language of

the release would be rendered next to meaningless.[3]

■ In light of the above, the Court declines to adopt Cantera–DiSabatino's suggestion that the settling defendants be made to share equally with it in the burden of satisfying Court costs incurred by the plaintiff prior to the commencement of the trial. The question then becomes whether Cantera–DiSabatino should be made to pay all of the plaintiffs' pretrial Court costs. I do not believe that it should.

Ten *Del.C.*, § 5101 provides, in pertinent part, as follows:

... Generally a party for whom final judgment in any civil action, or on a writ of error upon a judgment is given in such action, shall recover, against the adverse party, costs of suit, to be awarded by the court.

The Delaware Supreme Court in the case of *Donovan v. Delaware Water and Air Resources Commission*, Del.Supr., 358 A. 2d 717 (1976), held that § 5101 does not mandate the award of costs to the party to whom a judgment is given in a civil action at law:

The statute says that the party given a final judgment "generally" shall be awarded costs of suit. Does this mean in every case? We think not. "Generally" means "for the most part," *The Concise Oxford Dictionary* (5 Ed.), or "usually." Thus, in *Walsh v. Hotel Corporation of America*, Del.Supr., 231 A.2d 458 (1967), Chief Justice Wolcott said that costs are "usually" allowed to the prevailing party. Therefore, when the statute says that costs are "generally" given, this means something less than "always."

It follows, then, that there may be circumstances under which costs do not go to the party to whom a final judgment is awarded. Determining when costs are awarded and when they are not is, in our

---

1. This language is taken from the release of the settling defendants dated November 27, 1989.

2. Letter of Anne L. Naczi, Esquire, attorney for Daisy Concrete, Inc., dated October 11, 1989, to plaintiffs' counsel, William J. Cattie, Esquire.

3. The release here under consideration also states: "The purpose of this Release is to effect

and to evidence a final compromise settlement of any and all claims against and/or liabilities of said releasees ... and for the express purpose of precluding forever any further or additional claims and/or liabilities related to this incident, as against said releasees...."

judgment, a matter of judicial discretion under the statute. That conclusion is consistent with Superior Court Civil Rule 54(d), which provides that "... costs shall be allowed as of course to the prevailing party unless the Court otherwise directs," and provides a measure of uniformity with 10 *Del.C.*, § 5106 governing costs in the Court of Chancery.[4]

*Id.* at 722, 723.

■ In my view, it would be unfair and inequitable to saddle a non-settling party in a multi-party suit with all of the prevailing party's pretrial Court costs. Such would be a high price to pay for the assertion of a party's legal rights in a Court of law. I conclude, therefore, that Cantera–DiSabatino is responsible only for its pro-rata share

of the pretrial costs, to wit: 20% of $3,205.37 or $641.07.[5] Plaintiffs must bear the burden for the remainder.

Based upon the foregoing, defendant Cantera–DiSabatino is responsible for the payment of $641.07 in pretrial Court costs and $2,512.70 in trial Court costs for a total of $3,153.77.

Plaintiffs' counsel shall submit an Order for Court costs consistent with the contents of this Opinion.

---

**4.** 10 *Del.C.*, § 5106 provides: "The Court of Chancery shall make such order concerning costs in every case as is agreeable to equity."

**5.** This conclusion renders it unnecessary to decide whether Cantera–DiSabatino's claim for

contribution vis-a-vis the Court costs is barred by 10 *Del.C.*, § 6304(b) and the settling defendants' release.