[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on motion of the defendant, Joseph Pokraka (hereinafter "defendant") pursuant to Rule 60 of the Superior Court Rules of Civil Procedure. The motion seeks relief from a judgment rendered on November 15, 1990 for the plaintiff, the Estate of Stanley Lawrence (hereinafter "plaintiff"), in the amount of Fifty Thousand Dollars ($50,000.00). The defendant contends that this judgment should be reduced by the sums paid to the plaintiff through a Release and Settlement Agreement releasing Donald Fulford (hereinafter the "driver"), the driver of the vehicle which struck and injured the plaintiff. The defendant makes this argument under the provisions of Rhode Island General Laws, Title 10, Chapter 6, Section 1 et seq.
On October 9, 1986 the plaintiff and the tortfeasor entered into a Release and Settlement Agreement releasing Donald Fulford, said driver, from any and all claims or causes of action that the plaintiff might have brought against him that arose out of an automobile accident on April 12, 1985. In exchange for this release, the driver was to pay to the plaintiff Seventy-five Thousand Five Hundred Ninety-two and 52/100 Dollars ($75,592.52) and additional payments of One Hundred Three Thousand Five Hundred Dollars ($103,500.00) to be paid over a thirty year period.
Subsequent to this settlement, on March 6, 1987, the plaintiff filed an action based upon the allegations that the tortfeasor was intoxicated at the time of the accident and that this intoxication was brought about by the service of intoxicating beverages by the defendant and/or his agents in violation of the Rhode Island Liquor Liability Act. The action brought by the plaintiff was filed pursuant to R.I.G.L. §3-11-1, which was repealed in June, 1986.
The defendant argued that as a result of the release between the plaintiff and driver being executed pursuant to the provisions of Rhode Island Joint Tortfeasor Statute, the defendant should be viewed a joint tortfeasor. The defendant specifically noted R.I.G.L. 10-6-2 which states, "[t]he term `joint tortfeasors' means two (2) or more persons jointly or severably liable in tort for the same injury to person or property." The instant case is distinguished from Wilson v.Krasnoff, as correctly contrasted by the defendant, in that the injured party in Wilson sustained injuries as the result of a fall and then additional injuries caused by improper medical treatment. The Supreme Court concluded that the landlord and treating physicians were not joint tortfeasors as defined inR.I.G.L. 10-6-2. Wilson v. Krasnoff, 560 A.2d 335 (R.I. 1989).
Conversely, the plaintiff contends that the wrongs committed by the driver and defendant, since occurring at different times are distinguishable. Additionally, the plaintiff put forth that since the driver's act arose from common law negligence and the defendant's arose out of a violation of Rhode Island liquor control laws, these acts were not joint even though both caused the same injury. This court disagrees with the plaintiff's reasoning. Parties are jointly and severely liable if they are both the legal cause of harm that cannot be apportioned, whether conduct is concurring or consecutive. The fact that one cause of action arose out of statutory law and one out of common law is not determinative of whether the tortfeasors are joint. If both parties were the legal cause of harm that could not apportioned, they are joint tortfeasors. McInnis v. AMF, Inc., 765 F.2d 240, 250 (R.I. 1985). If a tortfeasor settles with the injured plaintiff and is released from liability, the remaining tortfeasors are not discharged from liability unless so provided by the release. In the instant action, the Release and Settlement Agreement between the plaintiff and driver did not discharge the defendant. In fact the agreement stated specifically, "[w]e are not releasing our rights or causes of action against any other parties . . . other than [the driver of the vehicle]."
Although a release of one joint tortfeasor would not discharge other tortfeasors, the claims against other tortfeasors must be reduced in the amount of consideration paid for the release. R.I.G.L. 10-6-7. (1985 Reenactment). Often cited caselaw interprets R.I.G.L. 10-6-7 as clearly as it is read; the damage award must be reduced by either the amount of consideration paid for the release or the proportion of reduction provided by the release. Labounty v. Labounty, 497 A.2d 302, 306 (R.I. 1985), Augustine v. Langlais, 402 A.2d 1187, 1189 (R.I. 1979).
In his argument to maintain the defendant and the driver as separate tortfeasors, not jointly liable for the purpose of the Rhode Island liquor control Act (Act), the plaintiff argued that the legislature never intended the Act to be remedial but instead punitive. The plaintiff contends that since the Act was punitive, any reduction of the judgment by the amount the plaintiff received through the Settlement and Release Agreement would defeat the purpose of the Act. The following is a provision of the Act:
 3-14-10. Settlement — Release — Contributions — Indemnity. — (a) A plaintiff's settlement and proper release of either the intoxicated tortfeasor or a defendant, as defined in § 3-14-5, will not bar potential claims against any other defendant(s).
 (b) The amount paid to a plaintiff in consideration for the settlement and proper release of any defendant will be offset against all other subsequent judgments received by plaintiff.
 R.I.G.L. 3-14-10 (1985 Reenactment) (1990 pocket part).
The Court disagrees with the plaintiff on this argument and points to the cited provision. The ostensible purpose ofR.I.G.L. 3-14-10(a) (b) would allow a plaintiff to settle with a tortfeasor or defendant without barring any claims against other defendants but would also limit a plaintiff's recovery by reducing subsequent judgments by the settlement amounts. It would appear that this provision was drafted not to be punitive, as the plaintiff suggests, but rather to make the injured party whole.
The defendants motion to be relieved from judgment pursuant to the Rhode Island Superior Court Rules of Civil Procedure, Rule 60, is granted.