Charles BLACKSHEAR, M.D., Defendant below, Appellant,

v.

Elena M. CLARK and William P. Clark, Jr., her husband, Plaintiffs below, Appellees,

and

Thomas R. Brooks, M.D., Defendant below, Appellee.

Supreme Court of Delaware.

Submitted June 23, 1978.

Decided Aug. 17, 1978.

F. Alton Tybout, of Tybout & Redfearn, P. A., Wilmington, for defendant-appellant.

Gerald Z. Berkowitz, of Knecht, Greenstein & Berkowitz, Wilmington, for plaintiffs-appellees.

Before DUFFY and McNEILLY, JJ., and HARTNETT, Vice Chancellor.

DUFFY, Justice:

This appeal brings up for review an order of the Superior Court in a medical malpractice action denying a motion by defendant, Dr. Charles Blackshear, for summary judgment.

Essentially, the issue involves a construction of the Uniform Contribution Among Tort-feasors Act, 10 *Del.C.* § 6301, etc. All of the pertinent facts and much if not all of the decisional law are found in Judge Taylor's full opinion, Del.Super., 377 A.2d 365 (1977), to which reference is made.

Briefly, Elena M. Clark (plaintiff) contends that Dr. Blackshear, a senior resident employed by the Wilmington Medical Center, was negligent in performing surgery upon her. Plaintiff settled her claim against the Center. Thereafter, this action was filed against Dr. Blackshear and against Dr. Thomas R. Brooks, a staff surgeon supervisor of surgery. The terms of a release executed by plaintiff as part of the settlement with the Center are the focal point of the present controversy. Specifically, the issue is whether the claim against Dr. Blackshear as an employee of the Center was preserved, or whether it has been discharged by the release.

The Superior Court concluded that the release does not bar plaintiff's claim and that it does not interfere with indemnity rights. *Restatement of Agency, 2d* 359B.

In this appeal, defendant makes two contentions. The first is that when the liability of a master (Wilmington Medical Center) is derived solely from the negligence of its servant (Dr. Blackshear), the Center and the Doctor are not "joint tort-feasors" and a release of the Center also released the Doctor. The second contention is that, in any event, the release is sufficiently broad in its terms to release Dr. Blackshear.

10 *Del.C.* § 6301 provides:

"For the purposes of this chapter, 'joint tort-feasors' means 2 or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."

■ In our opinion, the language of this statute clearly covers both the Doctor and the Center in this case; Dr. Blackshear would be liable as the tort-feasor and the Center would be liable as the employer. Thus, these "2 . . . persons . . . [are] severally liable in tort for the same injury." The *basis* of liability is not relevant, nor is the relationship among those liable for the tort. In short, it makes no difference whether the Center's liability is based upon the doctrine of *respondeat superior* or any other legal concept. The point is that both it and the Doctor are (at least) "severally" liable for the same injury to plaintiff. Therefore, the Uniform Contribution Among Tort-Feasors Act applies. We so hold.*

10 *Del.C.* § 6304, which relates to the release of one joint tort-feasor, provides in part:

"(a) A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasor unless the release so provides; but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid."

■ Under the first part of subparagraph (a), a release of the Center (one joint tort-feasor) did "not discharge" Dr. Blackshear (the other tort-feasor) "unless the release so provide[d]." After a careful examination of its language, we are unable to say as a matter of law that the release does so provide.** And since it does not, the effect under the second part of § 6304(a) is to "[reduce] the claim against" Dr. Blackshear, "the other [tort-feasor]." We are not concerned in this appeal with the way in which any such reduction may be accomplished.

In sum, as we read the Act, a claim against one tort-feasor may be preserved by a claimant who releases a second joint feasor. Indeed, that is the norm under § 6304(a) unless the release provides that the second joint feasor is also released. This rule applies when a master is released but not a servant. We express no view about a case in which the servant is released but not a master.

The judgment of the Superior Court is affirmed.

---

* Defendant argues at length, with citations to cases from other jurisdictions and with some emphasis on an analysis of the relationship of tort-feasors *vis-a-vis* each other under the Act, that the intent of the drafters of the Act, the internal consistency thereof, public policy and *other* factors all require a determination that a master and servant, in this case, are not joint tort-feasors. Given what we find to be the clear language of § 6301, the argument is not persuasive.

** The Superior Court stated in its opinion that whether "factual matters concerning the negotiation of the release may have a bearing upon the meaning or effect of the release has not been considered or decided." We take this to mean that the Court did not reach the question of whether the parties intended the release to include Dr. Blackshear and, for that reason, neither do we.