## CIRCUIT COURT OF FAIRFAX COUNTY

Bacher, Admx.

v.

Vulcan Materials Co.

December 9, 1982

Case No. Law 57128

By JUDGE LEWIS HALL GRIFFITH

In its present posture, this matter is presented to the Court for determination of defendant's "Plea of Accord and Satisfaction." The basic question presented is whether or not pursuant to Virginia Code Section 8.01-35.1, the release of the servant also releases the master of liability in a tort action.

My research leads me to believe and I so rule that it does not. Virginia Code Section 8.01-35.1 was intended to abrogate the common law rule that a release of one joint tort-feasor was a release of all tortfeasors. A brief discussion in support of this ruling is appropriate.

Technically joint tort-feasors are "those persons who have acted in concert in their tortious conduct . . . or whose acts if independent of each other, unite in causing single injury." Black's Law Dictionary 752 (5th ed. 1979). An employer who is liable, on the theory of respondeat superior, with the servant who committed the tortious act is obviously

not a joint tort-feasor in the classical sense. However, for convenience in handling such suits, Virginia, in the company of a majority of other jurisdictions, deems the employer and employee "to be jointly liable and jointly suable for the employee's wrongful act." Federal Land Bank v. Birchfield, 173 Va. 200, 226 (1939).

At common law, a release of one joint tort-feasor was the release of another. This was well-settled law in Virginia before the enactment of Va. Code Section 8.01-35.1. Lackey v. Brooks, 204 Va. 428, 432 (1963).

Thus, release of parties in a master/servant relationship were predicated on this common law rule, not on the basis of their relationship to each other and the vicarious liability which flowed from the servant to his master. McLaughlin v. Siegal, 166 Va. 374, 377 (1936).

The enactment of Va. Code Section 8.01-35.1, which closely resembles the Uniform Contribution Among Tort-Feasors Act, was intended to abrogate the common law rule discussed supra. It was designed to facilitate settlements by parties while at the same time preventing multiple recoveries by the plaintiff. The parties in the instant case dispute whether this provision is applicable to the master/servant relationship. No Virginia case decided under Sec. 8.01-35.1 of which I am aware addresses this issue.

The statute, in pertinent part, reads:

When a release or a covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury, or the same property damage or the same wrongful death:

1. It shall not discharge any of the other tort feasors from liability for the injury, property damage or wrongful death unless its term so provide; but any amount recovered

against the other tort feasors or any one of them shall be reduced by any amount stipulated by the covenant, or in the amount of the consideration paid for it, whichever is the greater. A release or covenant not to sue given pursuant to this section shall not be admitted into evidence in the trial of the matter but shall be considered by the court in determining the amount for which judgment shall be entered. (emphasis added).

The plain meaning of the statute indicates that an employer and employee are "two or more persons liable in tort for the same injury," Va. Code Section 8.01-35.1(A), and thus, one party is not discharged from liability merely because a release is given to the other party. Several courts have given the Uniform Contribution Among Tort Feasors Act this interpretation. Blackshear v. Clark, 391 A.2d 747 (Del. 1978) (Release of master not release of servant; the court expressly reserved decision where servant is released but not the master); Rutherford v. Gray Line, Inc., 615 F.2d 944, 948 (2d Cir. 1980).

The defendant cites Craven v. Lawson, 534 S.W.2d 653, 656 (Tenn. 1976), for the proposition that the Uniform Contribution Among Tort Feasors Act did not change the rule that the derivative liability of a master is extinguished when a servant is given a release. The Tennessee court based its conclusion on a portion of the statute which states:

This chapter does not impair any right of indemnity under existing law. Where one tort-feasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of his indemnity obligation.

Uniform Contributions Among Tort Feasors Act of 1955, Section 6. The Court concluded that where a right of indemnity exists, the Act has no application. Thus, a

master, who has a right of indemnity against his servant, would also reap a benefit if his servant were released from liability.

For several reasons, the holding in <u>Craven</u> should not apply to the case at bar. First, the Virginia statute does not contain the above provision concerning indemnity. Second, Tennessee, at common law, appears to distinguish between vicarious tort-feasors, joint tort-feasors, and activepassive tort feasors. Virginia does not make such distinctions in its procedure.

The Court therefore must give <u>Va. Code</u> Sec. 8.01-35.1 its plain meaning and find that a release of a servant does not release the master. This conclusion is reinforced when one considers that master and servant were deemed jointly liable for torts against third parties arising out of the scope of the employment relationship. <u>Va. Code</u> Section 8.01-35.1 does not distinguish between tort-feasors on the basis of their relationship to each other and the doctrine of respondeat superior should not be used to defeat its remedial intent.

I further respectfully decline to reconsider my earlier ruling denying the plaintiff's motion for leave to amend to add a claim for punit