# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Meeghan Carter Individually and as )
Administratrix of the Estate of Margaret )
Rackerby Flint, Decedent, )
                             )
        Plaintiff, )
                             )
        v. )        C.A. No. N17C-05-353 MMJ
                             )
Michael Principe, D.O., Eric Johnson, M.D. )
and Christiana Care Health Services Inc. )
                             )
        Defendants. )

Submitted: December 10, 2018
Decided:  January 15, 2019

On Defendant Christiana Care Health Services, Inc.'s
Motion for Partial Summary Judgment
**DENIED**

## MEMORANDUM OPINION

Leroy A. Tice, Esq., Leroy A. Tice P.A., Attorney for Plaintiff

Joshua H. Meyeroff, Esq., Morris James LLP, Attorneys for Defendant Christiana
Care Health Services, Inc.


**JOHNSTON, J.**

The parties in this medical negligence action engaged in mediation. Plaintiffs resolved their claims against Dr. Principe and his practice and executed a Joint Tortfeasor Release. The release neither names nor explicitly releases any of the other defendants. No specific language preserved any potential claims against Defendant Christiana Care Health Services ("CCHS").

It is undisputed that direct claims remain against Dr. Johnson and his practice.

### *Summary Judgment Standard*

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[1] All facts are viewed in a light most favorable to the non-moving party.[2] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[3] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[4] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[3] Super. Ct. Civ. R. 56(c).
[4] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

2

case," then summary judgment may be granted against that party.[5]

### *Release of Joint Tortfeasor*

CCHS has moved for partial summary judgment. CCHS requests that the Court determine, as a matter of first impression in Delaware, that by settling claims against Dr. Principe and his practice, Plaintiffs cannot pursue claims against CCHS solely on a theory of vicarious liability. CCHS asserts that a principal who committed no tortious act, is not a tortfeasor.[6] Thus, CCHS must be dismissed because it can only be found liable if its agent is liable, and the agent has been released.[7]

The Uniform Contribution Among Tortfeasors Act ("UCATA") addresses the circumstance when only one joint tortfeasor is released.

> (a) A release by the injured person of 1 joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasor unless the release so provides; but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[6] *See Theophelis v. Lansing Gen. Hosp.*, 424 NW.2d 478, 481-92 (Mich. 1988)(Court notes that "a split has developed among the jurisdictions as to whether a vicariously liable principal is a 'tortfeasor' for purposes of the [Uniform Contribution Among Tortfeasors Act]." The *Lansing* court found that release of the physician and nurse discharges the hospital from vicarious liability.).
[7] *See Clark v. Brooks*, 377 A.2d 365, 371 (Del. Super. 1977), *aff'd sub nom. Blackshear v. Clark*, 391 A.2d 747 (Del. 1978).

(b) A release by the injured person of 1 joint tortfeasor does not relieve the 1 joint tortfeasor from liability to make contribution to another joint tortfeasor unless the release is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued, and provides for a reduction, to the extent of the pro rate share of the released tortfeasor, of the injured person's damages recoverable against all the other tortfeasors.[8]

In *ING Bank, FSB v. American Reporting Company*,[9] the United States District Court for the District of Delaware interpreted Delaware's UCATA. The *ING* Court found that a release of one joint tortfeasor does not extinguish the vicarious liability of the remaining tortfeasor.[10]

The UCATA defines "joint tortfeasors" as "2 or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."[11] This definition does not exempt those whose liability is only direct, as opposed to vicarious.

The Court finds that CCHS is a joint tortfeasor, as defined under the UCATA. Pursuant to Section 6304(c), the Joint Tortfeasor Release does not operate to exclude the possibility of CCHS's vicarious liability. CCHS is not a party to the Release, and the Release does not prohibit Plaintiffs from proceeding against CCHS. There is no basis in Delaware's UCATA or Delaware common law

---

[8] 10 *Del. C.* §6304.
[9] 859 F.Supp.2d 700 (D. Del. 2012).
[10] *Id.* at 703-705.
[11] 10 *Del. C.* §6301.

for finding as a matter of law that the release of a joint tortfeasor discharges the vicarious liability of a joint tortfeasor who was neither a party nor explicitly listed in the release.

### *Punitive Damages*

CCHS also has moved for partial summary judgment on the issue of punitive damages. CCHS contends that Plaintiffs have failed to present expert testimony to support any basis for reckless, intentional willful or wanton misconduct.

Section 6855 of title 18 of the Delaware Code provides:

> In any action for medical negligence, punitive damages may be awarded only if it is found that the injury complained of was maliciously intended or was the result of willful or wanton misconduct by the health-care provider.... Injuries shall not be considered maliciously intended in instances in which unforeseen damage or injury results from intended medication, manipulation, surgery, treatment or the intended omission thereof, administered or omitted without actual malice....

Plaintiff submitted two expert medical opinions. The experts stated that during hip replacement surgery, multiple lacerations to the patient's vein were caused by drilling excessively long bone crews into and beyond the hip joint. The experts opined that this was a clear deviation from the surgical standard of care. The bleeding (which resulted in death) should have been controlled during the course of the surgery. The experts concluded that medical negligence occurred when the surgery continued without correcting the "brisk" bleeding.

5

The question of punitive damages is ordinarily for the trier of fact. The jury may draw reasonable inferences from the evidence to determine whether the alleged conduct warrants punitive damages.[12] Experts may opine on the degree of negligence and nature of the deviation from the applicable standard of care. However, an expert opinion as to a defendant's state of mind is not only unnecessary, but inadmissible.

The Court finds that Plaintiffs' experts have provided sufficient opinions to establish a *prima facie* case for the jury to assess whether the state of mind exists for punitive damages.

---

[12] *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 527 (Del. 1987).

## CONCLUSION

The Court finds that CCHS is a joint tortfeasor and the Joint Tortfeasor Release does not discharge CCHS from the possibility of vicarious liability.

Plaintiff has established a *prima facie* case sufficient for the jury to assess the state of mind necessary for punitive damages.

**THEREFORE,** Defendant Christiana Care Health Services, Inc.'s Motion for Partial Summary Judgment is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston