ANDREW NELSON *vs.* C. WILLIAM SWENSON.

MAY 12, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. This is an action in assumpsit to recover the sum of $300.00.

It was commenced in the District Court of the Sixth Judicial District where the defendant claimed a jury trial on the entry day.

The case was tried in the Superior Court before a justice thereof sitting with a jury. At the close of the testimony for the plaintiff the court, on motion, directed a verdict for the defendant. The case is now before us upon the exception of the plaintiff to said ruling.

The plaintiff testified that in March, 1921, he paid to the defendant the sum of $300.00, received a receipt therefor and that no part of said sum had been repaid to him.

Sometime during the year 1918 Swen Nelson, the father of the plaintiff and the grandfather of the defendant, deposited in the Citizens Savings Bank in the city of Providence a certain sum of money which at that time or later amounted to the sum of $400.00. This deposit was evidenced by a bank book which contained a statement to the effect that the amount of such deposit was payable to Andrew Nelson or Swen Nelson, or to either or the survivor. This bank book was retained by Swen Nelson for a time and then turned over to the plaintiff who thereafter drew money from such deposit now and then when his father wanted it. The bulk of this deposit proceeded from the sale of certain real estate belonging to Swen Nelson.

Swen Nelson the father of the plaintiff deceased in January, 1921, and on February 28, 1921, the defendant was appointed administrator with the will annexed by the Probate Court of the town of East Providence and proceeded to administer the estate of his grandfather according to law. With the understanding that there was a deposit belonging to the testator in the hands of the plaintiff he interviewed the latter in regard to it and claimed it as a part of the testator's estate. During this interview the plaintiff expressed himself as not understanding the purposes of an administrator; that he did not desire to be bothered with courts, and as being willing that the amount should be divided into four equal parts of which he would retain one

and turn the remainder over to the defendant as administrator of the estate of Swen Nelson, and it was finally agreed between them that the plaintiff should retain $100.00 and turn over $300.00 to the defendant. This decision having been reached the parties proceeded to the bank where the plaintiff withdrew $300.00 and delivered it to the defendant as administrator as aforesaid.

The defendant then proceeded to administer the assets of the estate including said sum of $300.00. Later the plaintiff being advised that, as a matter of law, money deposited in the joint names of two persons entitled the survivor to claim the deposit, he proceeded to bring this action to recover back the $300.00, although he thought at the time of the payment it belonged to the estate of Swen Nelson.

The defendant as administrator took this sum of $300.00, turned it into the estate, paid the bills, distributed the balance in accordance with the provisions of the will, and filed his final account with the probate court. To now sustain the contention of the plaintiff that the defendant should repay to him this sum of $300.00 would impose upon the latter the hardship of paying that amount from his own pocket.

The trial court directed a verdict for the defendant on the ground that when a man turns over money of that kind without any misrepresentation being made to him, and with the general understanding of what he is doing, he cannot recover it.

This ruling of the trial court is supported by abundant authority. The rule is well-stated in 30 Cyc. Law and Procedure, 1313 as follows: "Except where it is otherwise provided by statute, the general rule is that a voluntary payment made under a mistake or in ignorance of the law, but with full knowledge of all the facts, and not induced by any fraud or improper conduct on the part of the payee, cannot be recovered back. And in so far as this rule is concerned, there is no difference between ignorance and mistake of law." See also *Alton* v. *First National Bank*,

157 Mass. 341; *Taber* v. *City of New Bedford,* 177 Mass. 197. Many other cases to the same effect might be cited were it necessary to do so.

The plaintiff's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment for the defendant upon the verdict as directed.

*Daniel A. Colton,* for plaintiff.

*A. Truman Patterson,* for defendant.