Pearl LAWRENCE, Executrix of the
Estate of Stanley Lawrence

v.

Joseph POKRAKA.

No. 91–444–A.

Supreme Court of Rhode Island.

April 30, 1992.

Kelly M. Fracassa, Nardone, Turo & Naccarato, Westerly, for plaintiff.

Leo J. Dailey, Nolan & Daily, Coventry, for defendant.

PER CURIAM.

This matter was before the Supreme Court pursuant to an order issued to the plaintiff, Pearl Lawrence, executrix of the Estate of Stanley Lawrence, to appear and show cause why this appeal should not be summarily denied and dismissed.

In this case plaintiff's representative had appealed from an order entered in Superior Court that relieved defendant from judgment under Rule 60 of the Superior Court Rules of Civil Procedure.

At issue is the effect of G.L.1956 (1976 Reenactment) § 3–11–1 the Rhode Island Dram Shop Act so called:

> "[I]f any person in a state of intoxication commits any injury to the person or property of another, the person who furnished him with any part of the beverage which occasioned his intoxication * * * shall be liable to the same action by the party injured as the person intoxicated would be liable to; and the party injured, or his or her legal representative, may bring either a joint action against the person intoxicated and the person who furnished the beverage, or a separate action against each." [1]

In this case Stanley Lawrence (Lawrence) while operating his vehicle, was struck by a vehicle owned and operated by Donald Fulford (Fulford). Fulford had consumed alcoholic beverages that evening at a pub that operated under a class-B

---

1. General Laws 1956 (1976 Reenactment) § 3–11–1 was repealed by P.L.1986, ch. 537, § 1 effective June 25, 1986. However, plaintiff's cause of action arose on April 12, 1985, the day of the accident. Causes of action arising before June 25, 1986 are to be brought under § 3–11–1. *See Banks v. Bowen's Landing Corp.,* 522 A.2d 1222, 1224 n. 2 (R.I.1987).

liquor license held by defendant, Joseph Pokraka. Lawrence and Fulford entered into a release and settlement which conformed to the provisions of G.L.1956 (1985 Reenactment) chapter 6 of title 10. In consideration for the release Fulford, through his insurer, agreed to give Lawrence one immediate payment of $75,592.52 and to make additional payments of $103,-500 over a thirty-year period.

Later Lawrence brought suit under the Rhode Island Dram Shop Act against defendant and after jury trial was awarded a verdict in the sum of $50,000. The defendant filed a motion to correct the judgment pursuant to Rule 60 of the Superior Court Rules of Civil Procedure, contending that the jury verdict must be reduced by the sums paid to plaintiff through the release-and-settlement agreement with Fulford. The trial justice granted the motion pursuant to the Contribution among Joint Tortfeasors Act, chapter 6 of title 10. Section 10–6–7 provides:

"[A] release by the injured person of one (1) joint tortfeasor * * * reduces the claim against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid."

This statute provides that "amounts paid by settling defendants must be credited to the verdict amount returned against non-settling joint tortfeasors." *Augustine v. Langlais,* 121 R.I. 802, 805, 402 A.2d 1187, 1189 (1979). This provision is predicated upon the fundamental doctrine that

"an injured person is entitled to only one satisfaction of the tort, even though two or more parties contributed to the loss. * * * This principle was not altered by the enactment of § 10–6–7 which proscribes double recovery by unequivocally mandating that a release 'reduces the claim against the other tortfeasors in the amount of the consideration paid for the release.' " *Id.*

 Therefore, the only issue to be resolved by this court is whether defendant and Fulford are joint tortfeasors.

Section 10–6–2 provides that "[f]or the purposes of this chapter, the term 'joint tortfeasors' means two (2) or more persons jointly or severally liable in tort for the same injury * * * whether or not judgment has been recovered against all or some of them."

There are two requirements in order for parties to be joint tortfeasors under the act.

"First, the parties must be 'liable in tort.' The phrase 'liable in tort' has been construed to mean to have negligently contributed to another's injury. * * * Second, the statute refers to the same injury. The same injury is caused by parties who engage in common wrongs. To constitute joint tortfeasors under the act, both parties must have engaged in common wrongs." *Wilson v. Krasnoff,* 560 A.2d 335, 339 (R.I.1989).

"In determining whether an occurence between two or more parties is a common wrong, two important factors will be the time at which each party acted or failed to act and whether a party had the ability to guard against the negligence of the other." *Id.* at 340.

In our opinion § 3–11–1 implies clearly that the person who committed the injury and the person who furnished him with alcoholic beverages are to be considered joint tortfeasors.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we conclude that cause has not been shown.

For the above reasons, therefore, the plaintiff's appeal is denied and dismissed, the order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.