Carmino C. DePASQUALE

v.

**VENUS PIZZA, INC. et al.**

No. 97–579–Appeal.

Supreme Court of Rhode Island.

March 24, 1999.

Robert G. Clark, III, Brocton, MA, for Plaintiff.

Gregory S. Inman, Coventry, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before the Supreme Court on December 8, 1998, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the parties' oral arguments and examining their memoranda, we perceive that cause has not been shown and shall therefore proceed to decide the merits of this appeal at this time. The plaintiff, Carmino C. DePasquale (DePasquale), appeals from the trial justice's grant of summary judgment on behalf of the defendants, Venus Pizza, Inc. et al. (Venus). DePasquale also challenges the trial justice's determination that he had waived any claim for indemnification and/or contribution by entering into a settlement and release agreement. We reverse.

This dispute arose out of an automobile accident that resulted in the death of a pedestrian, Joseph Martinelli (decedent). In the early evening of September 22, 1994, decedent spent approximately four hours imbibing twelve sixteen-ounce beers at an establishment owned and operated by Venus. After what appears to have been his nightly ritual of drinking to excess, decedent left Venus Pizza on this rainy, dark night and began walking home on Route 3, a heavily traveled road. A witness statement taken by the Coventry police department on the night of the accident revealed that shortly after the decedent left Venus Pizza, he was seen staggering on the side of the road and having difficulty walking. Within minutes of being observed in this intoxicated condition, the decedent was struck by a vehicle operated by DePasquale. Decedent died as a result of the injuries sustained in that collision.

In his written statement to the police, DePasquale indicated that he "suddenly came upon a man who walked erratically into my path. I could not avoid striking him." There was no evidence in the record to suggest that DePasquale was negligent. In fact, while still at the scene of the accident, DePasquale was administered and passed a field sobriety test, after which he volunteered to accompany an officer to police headquarters in order to perform a breathalyzer test. The test ultimately showed a reading of .00 for alcohol. In addition, the accident report indicated that prior to the fatal collision, DePasquale was traveling in the low-speed lane, and that the road conditions were poor, consisting of heavy rain and reduced visibility.

■ In settlement of the claim for wrongful death, Kristen Martinelli (Martinelli), decedent's daughter, entered into a structured settlement agreement and release with DePasquale, DePasquale's insurer, and Venus. Part of this agreement included the payment of $75,000. In this agreement, Martinelli agreed to release and forever discharge De-

Pasquale, Venus, and DePasquale's insurer from all claims arising out of this incident. Moreover, the agreement was silent regarding whether DePasquale would seek contribution or indemnification from any other defendant. Subsequent to settling the claim with decedent's estate, DePasquale filed the case at bar seeking contribution and/or indemnification from Venus based upon its alleged violation of G.L.1956 chapter 14 of title 3, Rhode Island's Liquor Liability Act. Venus moved to dismiss the case or in the alternative for summary judgment. The trial justice granted the motion,[1] relying on this Court's opinion in *Wilson v. Krasnoff*, 560 A.2d 335 (R.I.1989), wherein we declared that a tortfeasor, whose negligence originally caused the injury to the plaintiff, and the physicians who allegedly committed malpractice in the course of treating plaintiff's injury, were not joint tortfeasors under G.L.1956 chapter 6 of title 10, the Uniform Contribution Among Joint Tortfeasors Act. *Wilson*, 560 A.2d at 341. DePasquale, however, maintains that the trial justice erred in finding that the decedent's intoxicated state allegedly caused through Venus' reckless conduct, and that decedent's untimely death as a result of his stumbling on the highway, were separate injuries, notwithstanding this Court's opinion in *Wilson*. In addition, DePasquale asks us to consider whether the trial justice erred in determining that his claim for indemnification and/or contribution had been waived by entering into a settlement and release agreement with decedent's estate.

## Standard of Review

 This Court has consistently acknowledged that summary judgment is a harsh remedy that must be applied cautiously. *See Avco Corp. v. Aetna Casualty & Surety Co.*, 679 A.2d 323, 327 (R.I.1996); *see also Mallette v. Children's Friend and Service*, 661 A.2d 67, 69 (R.I.1995); *McPhillips v. Zayre Corp.*, 582 A.2d 747, 749 (R.I.1990). It is well settled that this Court reviews the

granting of a summary judgment motion on a de novo basis. *Marr Scaffolding Co., Inc. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996). In conducting such a review, we are bound by the same rules as those applicable to the trial justice. *See Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996). Accordingly, we will affirm a trial justice's grant of summary judgment if, after reviewing the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences from that evidence in support of the nonmoving party's claim, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of the controlling law. *See Avco Corp.*, 679 A.2d at 327; *see also Volino v. General Dynamics*, 539 A.2d 531, 532–33 (R.I.1988). Mindful of this standard, we consider DePasquale's appeal.

## Joint Tortfeasors

In granting Venus' motion for summary judgment, the trial justice relied primarily on *Wilson v. Krasnoff*, 560 A.2d 335 (R.I.1989), and placed particular importance on our discussion in that case wherein we determined that the plaintiff who incurred injuries as a result of both a property owner's alleged tortious conduct, and the alleged tortious conduct of several doctors who were treating the plaintiff, were not considered joint tortfeasors because the plaintiff did not suffer from the "same injury." In making this determination, we observed that the victim's injuries occurred over a one-year period and on four distinct occasions. *Id.* at 340. For example, we noted that the victim suffered a back injury as a result of a slip and fall, then incurred additional injuries as a result of surgery, then reinjured herself "while getting up from the toilet," and finally incurred more injuries as a result of additional surgery. *Id.* Based on these facts we determined that the property owner and the treating physicians were not "joint tortfeasors."

1. The record is unclear as to which motion, dismissal or summary judgment, the trial justice actually granted. However, since we are satisfied that the trial justice considered matters outside the pleadings in reaching his decision, we

shall therefore treat the dismissal as the granting of a motion for summary judgment. *See Ewing v. Frank*, 103 R.I. 96, 97–98, 234 A.2d 840, 841 (1967).

Relying on our opinion in *Wilson*, the trial justice in the instant case determined that Venus and DePasquale were not joint tortfeasors. In so finding, the trial justice stated, "there might have been two injuries. One, [the decedent] might have [had] too much cerveza, and the second, that he found himself—a bumper being too close to his body. * * * And the latter was the cause of death." We reject this finding, however, and determine that in light of G.L.1956 chapter 14 of title 3, the trial justice misapplied our opinions in *Wilson* and *Lawrence v. Pokraka*, 606 A.2d 987 (R.I.1992), the latter of which is controlling in this case.

■ Section 3–14–4(b)(2) provides a right of recovery for the estate of a deceased individual when a defendant has recklessly served liquor to that individual.[2] In addition, § 3–14–10(e) states that "[i]n cases of reckless conduct, nonreckless defendants have a right of either indemnification or contribution from any reckless defendants." Under the terms of these two sections, we note that Venus would not be liable if it were merely negligent in serving alcohol to the decedent, or if DePasquale was driving his vehicle in a reckless manner when he collided with the decedent. DePasquale has alleged, however, that Venus, "their agents or servants recklessly served alcoholic beverages to [decedent] who was a visibly intoxicated individual or intentionally served said [decedent] knowing him to be visibly intoxicated and consciously disregarding the obvious and substantial risk that the serving of alcoholic beverages to said [decedent] would cause physical harm." *See Lawrence*, 606 A.2d at 988 (operator of pub considered joint tortfeasor as a result of serving alcohol to codefendant driver). Moreover, DePasquale maintains that there is no evidence to suggest that he was reckless in causing the accident and asserts that a genuine issue of material fact exists as to whether Venus'

service of alcohol to the decedent was reckless. After reviewing the record in this case, we agree. Consequently, we conclude that if at trial, DePasquale is able to demonstrate that he was non-reckless as required under § 3–14–10, that Venus' service of alcohol to the decedent was reckless as defined by § 3–14–7(c)(1), and that the decedent's death was proximately caused by his consumption of alcohol, a jury may conclude that Venus is a joint tortfeasor within the meaning of § 10–6–2. DePasquale would then be entitled to contribution from Venus. *See Hawkins v. Gadoury*, 713 A.2d 799 (R.I.1998).

### Waiver of Right to Contribution

■ The second issue raised by DePasquale is whether there has been a waiver of his right to seek indemnification and/or contribution as a result of the settlement and release agreement entered into with the decedent's estate. The trial justice found "as a matter of law that the execution of the release evidences the intent of the DePasquales not to seek any contribution from the defendant." However, the trial justice, at the time that summary judgment was granted, did not have the benefit of our recent opinion in *Hawkins*, wherein we rejected a similar argument when Hawkins sought contribution from Gadoury after settling an automobile accident lawsuit brought by a third-party injured in the accident. Gadoury argued that Hawkins was barred from making a claim for contribution because she settled the lawsuit and the injured party released not only Hawkins but also Gadoury, even though no claim had been brought against Gadoury. This Court, however, indicated that Gadoury's assertions were unsupported by case law and instead governed by § 10–6–5, which states that: "[a] joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from an-

2. **General Laws 1956 § 3–14–4** entitled **Plaintiffs**, provides in part:

"(a) Except as provided in subsection (b), any person who suffers damage, as provided in § 3–14–8, may bring an action under this chapter. This chapter shall not be construed to limit any currently existing common law or statutory right.

"(b) The following persons may not bring an action under this chapter against a defendant for

*negligently* serving liquor to an individual, *but may bring an action under this chapter against a defendant for recklessly serving liquor to an individual:*

"(1) * * *

"(2) The estate of the intoxicated tortfeasor if he or she was at least twenty-one (21) years old when served by the defendant * * * ." (Emphases added.)

other joint tortfeasor *whose liability to the injured person is not extinguished by the settlement.*" (Emphasis added.) In considering the plain meaning § 10–6–5, we declared that:

"[i]t would defy logic to say that the drafters of the act would have included such a provision had they intended, as Gadoury argues, to extend the right of contribution only to those tortfeasors whose liability has been finally adjudicated after a trial. Such a construction runs counter to the plain meaning of the statute and to its apparent legislative intent. Furthermore, such a reading would deter the settlement of tort claims and would in effect mandate litigation to its often bitter and costly end." *Hawkins,* 713 A.2d at 806. (Emphasis added.)

Accordingly, we conclude that the trial justice erred when he found that DePasquale's settlement with the decedent's estate barred DePasquale from seeking contribution and/or indemnification from Venus. The plaintiff's appeal is sustained. The judgment of the trial justice is vacated and the papers in this case are remanded to the Superior Court for further proceedings consistent with this opinion.