Michael SPARLING et al.

v.

Russell BIZIER, Jr., et al.

v.

Metropolitan General Insurance Company.

No. 99–500–Appeal.

Supreme Court of Rhode Island.

June 4, 2001.

Kevin M. Cain, Gerald P. McOsker, For Plaintiff.

Richard G. Riendeau, Providence, For Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The third party plaintiffs in this case, Russell Bizier, Sr. (Russell Sr.) and Russell Bizier, Jr. (Russell Jr.) (collectively the Biziers), appeal from the entry of summary judgment in favor of the third-party defendant, Metropolitan General Insurance Company (Metropolitan), and from the denial of their cross-motion for summary judgment. For the reasons hereinafter set out, we deny their appeal.

### I

### Case Facts/Travel

On May 2, 1997, a vehicle operated by Russell Jr., and owned by his father, Russell Sr., was involved in a collision with a vehicle operated by Jennifer Sparling and owned by her father, Michael Sparling (collectively the Sparlings). At the time of the collision, Giovanni Amato (Amato) was a passenger in the Sparling vehicle.

The Sparlings and Amato each made claim for damages, both personal and property, against the Biziers. Russell Sr. forwarded notice of the claim to Metropolitan, which he believed insured his vehicle for liability claims. Metropolitan promptly informed Russell Sr. that the liability policy issued to him on February 2, 1997, had been canceled, effective April 28, 1997, because of his failure to pay the policy premium. Because the collision in question occurred on May 2, 1997, five days after the policy was canceled, Metropolitan informed Russell Sr. that it was denying him coverage and would not defend him on the claim.

The Biziers then retained their own attorney to file answers in a civil action that had been commenced against them by the Sparlings and Amato. They also filed a third-party complaint against Metropolitan, claiming that the liability policy that it had issued did not permit cancellation for nonpayment of premiums and that they had not received notice of the cancellation until May 3, 1997, the day after the automobile collision. They sought relief requiring Metropolitan to indemnify them for any damages recovered against them by the plaintiffs and for costs incurred in retaining counsel to defend them in the pending civil action for damages. Metropolitan, after answering the third-party complaint, moved for summary judgment against the Biziers. The Biziers, meanwhile, filed a cross-motion for summary judgment against Metropolitan. Prior to a hearing on the cross-motions, affidavits were submitted in support of both motions.

At the summary judgment motion hearing, the affidavits, exhibits, and arguments of counsel disclosed that on February 2, 1997, Russell Sr. had purchased a six-month term comprehensive automobile liability insurance policy from Metropolitan. That policy insured two vehicles owned by him, and four family member drivers. The total premium due for the policy was $3,636. At the time of purchase, Russell Sr. paid $840.50 toward the total premium. He said that some time thereafter, he paid an additional $500 premium payment, leaving a $2,295.50 balance due to Metropolitan.

According to the affidavits of Madeline Perry and Ruth Walter, both Metropolitan employees, notice of policy cancellation was mailed to Russell Sr. on April 16, 1997, at the address noted on his policy. The notice informed him that because he did not pay the total policy premium, his liability insurance policy would be canceled effective on April 28, 1997. Russell Sr., by affidavit, asserted that he did not receive the notice of cancellation until May 3, 1997, the day after the accident. He also contended that by its terms and provisions, the policy could not be canceled for nonpayment of premiums.

Both summary judgment motions were consolidated for hearing before a justice of the Superior Court on September 7, 1999. After that hearing, and the motion justice's consideration of the affidavits and case pleadings filed in support of the respective motions, she found that Russell Sr. had failed to prove that he had paid the required policy premium; failed to show that the notice of policy cancellation had not been mailed on April 16, 1997; and failed to show that notice of policy cancellation had not been timely mailed. Accordingly, she granted Metropolitan's motion for summary judgment and denied the Biziers' cross-motion. This appeal by the Biziers followed.

Pursuant to an order of this Court entered on March 23, 2000, directing the parties in this appeal to appear before the Court and to show cause, if any, why the issues raised in this appeal should not be summarily decided, the parties did appear

on May 14, 2001. After hearing the arguments of their counsel and examining the memoranda filed by them, we conclude that cause has not been shown, and we proceed to decide the appeal at this time.

## II

### Case Analysis

"Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment." *Kiley v. Patterson,* 763 A.2d 583, 585 (R.I.2000) (quoting *J.R.P. Associates v. Bess Eaton Donut Flour Co.,* 685 A.2d 285, 286 (R.I. 1996)). Recognizing that summary judgment is a drastic remedy and should be granted cautiously, and only when no issue of material fact is in dispute, we are satisfied from our *de novo* review of the record before us that in this case, entry of summary judgment was both proper and without error. *See DePasquale v. Venus Pizza, Inc.,* 727 A.2d 683, 685 (R.I.1999); *Marr Scaffolding Co., Inc. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996). For the Biziers to have resisted summary judgment in favor of Metropolitan, they had an affirmative duty to set forth specific facts showing that a genuine issue of material fact existed that required resolution by a fact-finder. *See Bourg v. Bristol Boat Co.,* 705 A.2d 969, 971 (R.I.1998). The Biziers failed to do so.

In their appeal, the Biziers have attempted to persuade us that genuine issues of fact did, indeed, exist and that entry of summary judgment by the motion justice was error. They contend first that Metropolitan's notice of cancellation stated that the amount of the unpaid premium was $1,893.50, when it actually was $2,295.50. How that contention can assist the Biziers is left unexplained. What was certain, however, as noted by the motion justice, was the unrefuted proof by Metropolitan that whatever amount was due, it had never been paid.

▇▇▇ Next, the Biziers assert that the motion justice erred in granting summary judgment because a genuine issue of material fact existed concerning when Russell Sr. had been given notice of the policy cancellation. Metropolitan's unrebutted affidavits disclosed that on April 16, 1997, the notice of cancellation was mailed to Russell Sr. at his address as given on the policy. The Biziers assert that regardless of the date of mailing, Russell Sr. did not receive the notice until May 3, 1997, some seventeen days later and, coincidentally, one day after the automobile collision in question. In *Trotta v. Pono,* 116 R.I. 702, 709, 360 A.2d 552, 556 (1976), this Court took judicial notice of the Department of Business Regulation Insurance Division, Regulation XVI, entitled Automobile Insurance Policies; Cancellation and Renewal Provisions. There, we concluded that Section 6(B) of that Regulation made proof of mailing of the notice of cancellation sufficient proof that notice had been given. We again take judicial notice of that Regulation and find that it reads today as it did when *Trotta* was decided.[1]

---

1. Department of Business Regulation—Insurance Division—Regulation XVI—Automobile Insurance Policies; Cancellation and Renewal Policies, Section 3(B) provides:

"No insurer shall exercise its right to cancel a policy unless a written notice of cancellation is mailed or delivered to the named insured, at the address shown in the policy, at least thirty days prior to the effective date of cancellation, except that when cancellation is for non-payment of premium such notice shall be mailed or delivered to the named insured at the address in the policy at least 10 days prior to the effective date of cancellation

The Biziers presented no evidence to rebut the affidavits submitted by Metropolitan stating that the notice of cancellation for reason of nonpayment of the policy premium had been mailed on April 16, 1997, to Russell Sr. at the address as shown on the face of his policy. Consequently, the motion justice did not err in finding the Biziers had been given the required notice of the cancellation of Russell Sr.'s Metropolitan policy.

■ Finally, the Biziers contend that there is no explicit provision contained in Metropolitan's policy that permits it to cancel the policy for nonpayment of the policy premium. We, as did the motion justice, disagree. Section 12 in the policy, entitled "Termination" provides:

> "**We** cancel this policy by delivering to **you** or by mailing to **you,** at **your** last known address shown on **our** records, notice stating when the cancellation will be effective. *This notice will be mailed to you* not less than the minimum statutory time permitted by state law, but not less than 10 days, *for non-payment of premium * * *.*" (Emphases added.)

We do not read in section 12 the ambiguity that the Biziers contend is present there, and we decline to engage in "mental gymnastics" in order to do so. *See Sjogren v. Metropolitan Property and Casualty Insurance Co.,* 703 A.2d 608, 610 (R.I. 1997).

■ We do not reach the Biziers' additional appellate contention made here that Metropolitan's notice of cancellation was ineffective because it failed to notify the lessor of the insured vehicle, Primuse Automotive. That issue was never raised at the Superior Court hearing; therefore, it is deemed to have been waived and cannot be raised for the first time here on appeal. *See Montecalvo v. Mandarelli,* 682 A.2d 918, 926 (R.I.1996).

For the reasons above given, the third party plaintiff's appeal is denied, and the summary judgment entered in favor of Metropolitan General Insurance Company is affirmed. The papers in this case are ordered to be returned to the Superior Court.

and shall include or be accompanied by a statement of the reason therefor. This section shall not apply to the failure to renew a policy."
Section 6(B) provides:
"Proof of mailing of a notice of cancellation, reduction of limits, elimination of coverages or of intention not to renew or proof of the mailing of the reasons therefor, to the named insured at the address shown in the policy, shall be sufficient proof of the giving of notice and the giving of reasons required by this Regulation."