DECISION
This matter was tried by the Court without a jury and involves the applicability and enforcement of the Town of North Kingstown's ("Town's") ordinance governing the merger of adjacent substandard parcels owned by the same individual. The Town brings this action in accordance with the provisions of R.I.G.L. (1956) § 45-24-60(b) and invokes the jurisdiction of this Court to compel compliance with the provisions of the Town's merger ordinance. Although the original action sought the imposition of civil and criminal penalties with regard to the alleged violation, the Town has agreed to waive the penalty portion of its complaint, and requests that the Court determine that Defendants Robert and Louise MacDonald ("MacDonalds") acted contrary to the merger ordinance twice: (1) in 1995, when they conveyed two lots to Defendants John and Catherine Dusel ("Dusels") and (2) in 1998, when they conveyed the remaining two lots to Defendant Kentco Development, Inc. ("Kentco"). Cross-claims were filed against the MacDonalds by both the Dusels and Kentco, asserting damage claims for breach of *Page 2 
warranty, fraud and misrepresentation. In part, because Kentco claimed a trial by jury on those cross-claims, the Court severed those claims from the Town's claim for relief. Essentially, this Court, sitting as a court in equity, has been asked to unscramble this real estate odyssey which has left both the Dusels and Kentco with substandard lots that are violative of existing zoning ordinances and, thus, unbuildable and non-conveyable. The findings of fact, which are largely uncontested, are as follows:
 1. In 1980, the North Kingstown Town Council enacted an amendment to the Town's zoning ordinance which now appears as Section 21-311(e) of the Revised Ordinances of the Town of North Kingstown. The amendment provided that two or more contiguous lots in common ownership with a combined area "equal to or less than the minimum size requirement for a lot in the zoning district . . . shall be combined and considered an undivided tract of land." On May 8, 1995 the Town Council adopted another related amendment which appears as Section 21-311(c) of the Town's Revised Ordinances. Section 21-311(c) provided that "[i]f two (2) or more abutting nonconforming lots are held in the same ownership . . . such lots shall be combined for the purposes of this ordinance in order to conform or more nearly conform to the minimum area or any other dimensional requirements of this ordinance for the district in which the lots are located and such lots shall not be sold separately."
 2. On June 17, 1985, the MacDonalds acquired four lots that were substandard in size. These lots, described on the Assessor's Map as Plat 41, Lots 72, 73, 77 and 78, abutted one another. *Page 3 
 3. The four lots merged into one lot, pursuant to the Town's aforementioned merger ordinance, because of the Town's minimum area/dimensional requirement of 40,000 square feet per lot. In accordance with the terms of the ordinance, the four lots were contiguous, nonconforming as to size, and were in common ownership after acquisition by the MacDonalds in 1985. The four lots, when combined, do not contain sufficient area to provide more than one conforming lot.
 4. The MacDonalds sold two of the merged lots (Lots 72 and 77) to the Dusels in the summer of 1995, after both the enactment of the original merger ordinance and the May 8, 1995 amendment thereto. These two lots contained a residence and a tennis court. On September 14, 1998, the MacDonalds conveyed the other two merged lots (Lots 73 and 78) to Kentco. The lots sold to Kentco were and remain unimproved.
 5. This real estate debacle already has gained the attention of the Superior Court on two previous occasions. In March 1999, Kentco filed an application with the North Kingstown Zoning Board for a use variance and dimensional variance to construct a single family home on the two lots it purchased from the MacDonalds. The Town then advised the applicant that the lots had no independent existence from the lots that were sold to the Dusels. The Dusels objected to the relief requested by Kentco. The zoning board denied relief to the applicant, and an appeal to this Court followed. The Court ruled that the zoning board lacked jurisdiction to consider the dimensional and use variances, finding that jurisdiction to subdivide lots rests exclusively with the Town's planning board under R.I.G.L. (1956) § 45-23-51, et seq. Since these lots had merged by *Page 4 
operation of law, the Court remanded the matter to the zoning board with directions to dismiss the Kentco petition without prejudice so that Kentco could apply to the planning board for subdivision approval. That decision became final, in that no further appeals were taken.
 6. In 2001, North Kingstown initiated this action, requesting this Court to set aside the wrongful conveyances by the MacDonalds to the Dusels and Kentco and bring the lots into compliance with the North Kingstown merger ordinance.
 7. In March of 2004, Kentco and the Dusels filed a joint application seeking subdivision approval. The North Kingstown Planning Commission denied that application, which decision was upheld by the zoning board and, then, by this Court. In that case, the Court, in a Decision rendered in September, 2005, reiterated the administrative efforts to unmerge the lots, and affirmed the planning commission's denial of subdivision approval. That Decision also became final.
 8. At the time of the conveyances from the MacDonalds to the Dusels, both the sellers (the MacDonalds) and the buyers (the Dusels) were represented by counsel. Notwithstanding that fact, neither attorney ordered zoning certificates that would have shown that the lots sought to be conveyed had no independent legal existence, as they had merged with the adjoining undersized lots that were also owned by the MacDonalds. The Town continued to tax the lots separately. The assessor's maps were not amended to reflect the merger by operation of law, and the Town accepted for recording both the deed of conveyance to the Dusels (Lots 72 and 77) and the deed of conveyance to Kentco (lots 73 and 78). *Page 5 
 9. For purposes of fashioning an appropriate remedy in this case, and without prejudice to any ultimate factual determination by a jury as to issues of fraud, misrepresentation or breach of warranty, the Court finds that neither the sellers (the MacDonalds), nor the buyers (the Dusels or Kentco), at the time of each purported conveyance, had actual knowledge of the defects created by the Town's merger ordinance.
 ANALYSIS
Estoppel
The Defendants have all urged a determination, based upon the facts set forth above, that the failure of the Town to "replat" the tax assessor's plat maps after the merger should result in the Town being equitably estopped from enforcing its merger ordinance. The doctrine of equitable estoppel can be applied against a municipality "under circumstances where justice would so require." Greenwich Bay Yacht BasinAssociates v. Brown, 537 A.2d 988, 991 (R.I. 1988). While it has been applied by Rhode Island courts in the zoning context, such relief is "extraordinary" and is not applied unless the equities clearly balance in favor of the party seeking relief. Id. A party can establish that the equities clearly balance in his favor when he makes "substantial investment or expenditure" in reliance on a decision by zoning officials, such as the issuance of a building permit. Shalvey v. ZoningBd. of Rev. of Warwick, 99 R.I. 692, 699, 210 A.2d 589, 593 (1965).
It is equally true that, under Rhode Island law, the Town's acceptance of deeds for recordation — or separate assessment and taxation — is not conclusive in determining the legality of a subdivision. Petrone v. Townof Foster, 769 A.2d 591, 594-95 (R.I. 2001). *Page 6 
Merger ordinances are commonplace throughout the state, and have been recognized as legitimate tools in municipal planning and zoning regulation. See R.J.E.P. Associates v. Hellewell, 560 A.2d 353, 355
(R.I. 1989). See also McKendall v. Town of Barrington, 571 A.2d 565
(R.I. 1990). The action of the town clerk in recording deeds that are inconsistent with the Town's merger ordinance does not bind the municipality or form a legitimate ground for justifiable reliance by the parties. Petrone, 769 A.2d at 595. Finally, neither the buyers nor the sellers in these transactions could have justifiably relied upon the assessor's plat maps in determining the legality of these conveyances. Such plats are made "solely for the convenience of the assessors in performing the duties of their office[s]" and they are "not part of the records of land evidence of the town upon which those interested in conveyances of real estate could safely rely." Raposa v. Guay,84 R.I. 436, 443, 125 A.2d 113, 117 (1956). Notwithstanding the use of the word "replatted" in the merger ordinance, that ordinance does not make mandatory, as a prerequisite to its enforcement, the actual preparation and filing of an amended plat map with the Town's tax assessor. Such a requirement, if literally construed, would require the Town to prepare and file a new plat map every time a landowner comes into title of two or more undersized contiguous lots, with the Town at risk of being unable to enforce its ordinance if such a revised assessor's plat were not prepared. Neither the merger ordinance nor logic requires imposition of such an onerous result.
The Court's focus is therefore not on the plat maps, but on the existence of the merger ordinance. All parties, especially when represented by counsel, must be deemed on notice of such an ordinance and its effect on adjoining undersized lots in common ownership.See Kenyon v. United Elec. Ry. Co., 51 R.I. 90, 95; 151 A. 5, 10 (1930) *Page 7 
(ruling that parties are responsible for knowing the legal effects of their actions and cannot claim ignorance when those effects are adverse). There is nothing in the record that convinces this Court that the Town acted in such a way as to require this Court's invocation of the principal of equitable estoppel to render these lots somehow equitably "unmerged." There is no evidence of affirmative statements from town authorities representing that the separate conveyance of any of these four lots was valid. Compare Shalvey v. Zoning Board ofReview, 99 R.I. 692, 210 A.2d 589 (1965) (wherein the issuance of a building permit together with substantial investment or expenditure by the permittee may justify invocation of the doctrine of equitable estoppel). The mere acceptance of a deed for recording purposes, the taxation of separate lots and/or the configuration of the plat map do not estop the Town from enforcing its valid merger ordinance. In addition, the Town also passed a revised ordinance — promulgated before the first conveyance of these lots — which specifically provided that lots which have merged by operation of the ordinance "shall not be sold separately." Again, both the sellers and buyers are deemed to be constructively on notice of such a prohibition. This Court therefore rejects the defense of equitable estoppel as against the Town's claim for the enforcement of the merger ordinance.
Equitable Remedy
Having resolved the issue of estoppel, the Court must turn its focus on the equitable remedy, if any, appropriate to adjust the parties' present status to bring the lots into conformity with existing zoning regulations. Rescission of a contract is an equitable remedy. See Turnerv. Domestic Inv. Loan Corp., 119 R.I. 29, 33-34, 375 A.2d 956, 959
(1977). By reason of the planning board's denial of subdivision approval, and the *Page 8 
affirmation of that Decision by this Court, there is only one configuration that will pass muster under existing zoning: the four undersized lots previously titled to the MacDonalds as separate lots must be deemed to have merged. They constitute a single lot as a matter of law. They constituted a single lot at the time of the MacDonald-Dusel conveyance and they constituted a single lot at the time of the MacDonald-Kentco conveyance. To ensure compliance with the merger ordinance, this Court must exercise its equitable jurisdiction and rescind the invalid conveyances made by the MacDonalds.
The 1995 closing purported to convey lots 72 and 77 from the MacDonalds to the Dusels. That sale, however, was contrary to the merger ordinance, which prohibited the MacDonalds from selling the lots separately. The Dusels, therefore, must be deemed to have accepted a conveyance of all four lots because the MacDonalds could not legally separate lots 72 and 77 from lots 73 and 79. While neither party had actual knowledge of the merger ordinance, it cannot be ignored. None of the defendants can argue that they did not know of the existence of the merger ordinance or misunderstood its effects. Such "[i]gnorance of the law is no excuse." Kenyon, 51 R.I. at 95, 151 A. at 10. The general rule is that arrangements or agreements made by parties "under a mistake or in ignorance of the law, but with full knowledge of the facts" will generally be upheld. See Nelson v. Swenson, 46 R.I. 26, 28, 124 A. 468,468-69 (1924). "[I]n so far as this rule is concerned, there is no difference between ignorance and mistake of law." Id. This case falls under this rule. It does not involve the failure of the seller to reveal or disclose a material issue of fact. Rather, the parties all committed a common mistake of law: they clearly did not know of the existence of the merger ordinance. That ignorance does not *Page 9 
excuse their mistake(s)[1] as the Court's primary duty is to ensure compliance with the Town's merger ordinance, not to enforce an agreement between parties that directly contravenes that ordinance. All parties, both the sellers and the buyers, are deemed to have constructive knowledge of the law applicable to this transaction.
Accordingly, this Court rules, as a matter of equity, the Dusels purchased only that which they could have purchased in 1995, namely a single lot consisting of what had previously been described as four separate lots. Had that sale been completed in accordance with the merger ordinance, there would have been no separately identifiable lots offered for sale to Kentco some three years later, on September 14, 1998. The sale to Kentco was a legal nullity, and the purported sale was not supported by any consideration. The real estate which was later "conveyed" to Kentco was impossible to convey. Thus, the contract to sell lots to Kentco was not supported by consideration. Failure of consideration "is sufficient ground in equity for the recission of a contract or the cancellation of a conveyance." Turner,119 R.I. at 33-34, 375 A.2d at 959 (1977). As a general rule, if an instrument is cancelled for failure of consideration, the party seeking the cancellation must restore the other party to the position he occupied before the transaction in question. Id. at 34-35, 959.
Kentco therefore must be made whole for the costs associated with its failed purchase — the purchase price and closing costs, together with statutory interest for the period it had possession of lots 73 and 78, and any expenditures of funds — including taxes, insurance, or other direct costs associated with its recorded ownership of lots 73 *Page 10 
and 78[2] — that would have been the responsibility of the Dusels had the sale been completed in accordance with the merger ordinance in 1995.
The Dusels have been, since 1995, the equitable owners of lots 73 and 78.[3] Accordingly, it is their responsibility to restore Kentco to the position in which it would have been had the unlawful transaction never taken place. The MacDonalds parted with the entirety of their property and received payment thereof, even though there should never have been two separate transactions conveying portions of the merged lots. Instead of the MacDonalds being required to reimburse Kentco, it should be the responsibility of the Dusels who, by reason of this equitable decree, will now own the entire merged parcel comprising what had been originally four separate lots.
 CONCLUSION
North Kingstown's merger ordinance requires that the four substandard lots owned by the Dusels and Kentco be deemed merged into one conforming lot that meets North Kingstown's minimum zoning requirements. The parties shall prepare and record appropriate quit-claim deeds necessary to vest record title of all four lots in the Dusels. This Court orders that the Dusels pay Kentco in accordance with this decision.[4]
The parties shall present a form of judgment consistent with this decision.
[1] "The general rule, subject to certain exceptions, is that a court of equity will not relieve against a mistake of law." Chase v.Weinberg, 60 S.W.2d 1000, 1003 (Ky.App. 1933).
[2] Kentco's equitable remedy should not include Kentco's discretionary expenditures, including the costs and attorneys' fees associated with various attempts to subdivide the parcels after the fact. Kentco understood the effects of such efforts, knowing that lots 73 and 78 had effectively merged with the other two adjoining lots. Similarly, funds expended in preparation to build on or develop lots 73 and 78 cannot be included in Kentco's remedy because Kentco received no building permit or subdivision approval from the Town on which it could justifiably rely to expend such funds.
[3] The concept of equitable title has been recognized in Rhode Island common law. See George v. Oakhurst Realty, Inc. 414 A.2d 471, 473 (R.I. 1980).
[4] See discussion of Kentco's equitable remedy, supra note 2 and accompanying text. *Page 1